JOHN Y. BRIGHTMAN, administrator, *vs.* UNION STREET RAILWAY COMPANY.

Bristol.   October 26, 1896. — October 27, 1896.

Present: HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Trespasser on Street Railway Car — Death — Due Care.*

An action against a street railway company for causing the death of a boy nearly eight years old cannot be maintained, if the fall which resulted in his death was caused by his voluntarily jumping off when the car was in motion.

It is no part of the duty of a street railway company to prevent a passenger from leaving the car while in motion, still less to prevent a trespasser from so doing.

TORT, by the administrator of John Y. Brightman, Jr., to recover damages for causing his death.   The declaration contained two counts, one under St. 1886, c. 140, and the other at common law.   Trial in the Superior Court, before *Bond*, J., who, at the close of the plaintiff's evidence, at the defendant's

request, directed a verdict for the defendant; and the plaintiff alleged exceptions in substance as follows.

There was evidence tending to show that the plaintiff's intestate, who was about seven years and eleven months old, and a schoolmate named Skiff, were playing together on April 5, 1895, at the corner of Bedford and Fourth Streets in New Bedford; that a car drawn by horses and owned and operated by the defendant was seen by the boys to come around the curve on to Bedford Street, and come up Bedford towards Fourth Street, and towards a switch; that when the boys saw it the intestate put his foot on the switch, and the other boy put a stick on the switch, and both pushed it, so it would be in proper position for the car to go around the curve on to Fourth Street in the regular course of the defendant's business; that when the car, which was in charge of a driver and conductor, reached the switch, the intestate jumped on to the bottom step of the rear platform on the right hand side of the car, and the Skiff boy got on to the bottom step of the rear platform on the other side; that the conductor was on the platform at the time; that as the car rounded the curve the conductor went into the car and to the forward end of it, so as to look south on Fourth Street and see if any other car was coming; that as soon as the car had got wholly around the curve the conductor came out again on to the rear platform, where the boys were standing; that at the time the boys got on to the steps of the rear platform the horses were walking; that after the car had gone round the curve, the conductor stood upon the rear platform and saw the intestate and the Skiff boy; that he looked towards them, but did not tell them to get off, and he had not asked them not to jump on the car, and he had no talk with them; that the Skiff boy jumped off the step of the rear platform on his side after the car had gone about fifty feet from the curve, and when the horses were still walking; that as he jumped off he called to the intestate and asked him where he was going; that after the Skiff boy jumped off the horses began to trot; that after the horses began to trot, and after the car had gone about a hundred and twenty-five to a hundred and fifty feet from the place where it was when he got on, the intestate jumped off; that he had been all the time, while riding on the

car, on the bottom step of the rear platform, and the conductor, all the time after the car had passed the curve and for the distance of about a hundred and twenty-five feet, upon the rear platform, and had seen the boys and had looked at them; and that when the intestate jumped off he fell on his back and hit his head against the cobble stones in the road, and received the injuries from which, after conscious suffering, he died.

*E. D. Stetson*, for the plaintiff.

*J. F. Jackson*, for the defendant, was not called upon.

BY THE COURT. The fall of the plaintiff's intestate was not due to his being allowed to remain on the step of the car. It was caused by his voluntarily jumping off when the car was in motion. It was not a part of the defendant's duty to prevent a passenger from leaving the car while in motion, still less to prevent a trespasser from doing so.

*Exceptions overruled.*