ANNIE KROCK *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk, March 4, 1913. — May 20, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Negligence,* Street railway. *Practice, Civil,* Conduct of trial: requests and rulings, Exceptions.

At the trial of an action against a street railway company by a passenger for personal injuries, where the plaintiff's evidence tends to show that, as he was alighting from a car of the defendant after it had stopped in response to a signal from him to the conductor, the conductor signalled for the car to start and, the car starting, the plaintiff was thrown to the ground, and the defendant's evidence tends to show that the plaintiff was thrown down as he was attempting

to alight from the car when it was coming to a stop but before it had done so, and there is no foundation in the evidence for a finding that the accident happened in any other than in one of these two ways, the defendant is entitled to have the jury instructed that, if the accident happened by reason of the plaintiff's attempt to alight from a moving car, while it properly was coming to a stop, there is no evidence that will warrant a finding of negligence on the part of the defendant.

Where, in an action against a street railway company by a passenger for personal injuries alleged to have been caused by the starting of a car as the plaintiff was in the act of alighting, the plaintiff's evidence tends to show that the car was started on a signal from the conductor, and the defendant's evidence tends to show that the plaintiff was thrown to the ground as he was attempting to alight before the car had come to a stop at a regular stopping place, and there is no foundation in the evidence for a finding that the accident happened in any other than in one of these two ways, the defendant is entitled to have the jury instructed that, in order to find for the plaintiff, they must be satisfied by a fair preponderance of the evidence that the accident was caused solely by negligence of the defendant's conductor.

TORT for personal injuries alleged to have been caused by the plaintiff being thrown from an open street railway car of the defendant by reason of its starting as she was in the act of alighting. Writ dated December 6, 1910.

In the Superior Court the case was tried before *Dubuque,* J. The material facts are stated in the opinion. At the close of the evidence the defendant asked the judge to rule as follows:

"1. In order to find a verdict for the plaintiff in this action the jury must be satisfied, by a fair preponderance of the evidence, that the accident which caused her injuries was caused solely by the negligence of the defendant's conductor."

"3. The jury are instructed that if the plaintiff received her injuries in consequence of stepping or alighting from the car while it was in motion before it had come to a regular stopping place, she cannot recover."

"5. There is no duty on the conductor of a street car to leave his position on the rear platform of an open street car and move forward for one half or one third of the length of the running-board and prevent a woman passenger from alighting from said car while it is in motion."

"6. The jury are instructed that a street railway company does not invite its passengers to alight from cars which are in motion and which are not at regularly established stopping places, and that a passenger who alights from a street car while

it is in motion between such stopping places does so at her own risk."

"7. It is no evidence of negligence on the part of a street railway company that a passenger alights of her own accord from a moving street car which has not come to a regularly established stopping place."

The rulings were refused.

The jury found for the plaintiff in the sum of $1,500; and the defendant alleged exceptions.

The case was submitted on briefs.

*F. D. Putnam*, for the defendant.

*J. A. Brett & J. J. Gearin*, for the plaintiff.

DE COURCY, J. This action is brought to recover for injuries sustained while the plaintiff was alighting from one of the defendant's cars. The issue of fact raised by the evidence was narrow and clearly defined. The plaintiff testified that in response to her signal the conductor rang one bell and the car came to a full stop; and that while she was in the act of alighting and had one foot on the running board and was about to place the other foot on the ground, she saw the conductor give the two-bell signal and the car started, throwing her to the street. The witnesses for the defendant testified that the plaintiff was injured by attempting to alight from the car while it was in motion, slowing up and coming to a stop in the usual way.

There is no foundation in the evidence or suggestion in the charge for a contention that the jury could properly find that the accident happened otherwise than in one of these two ways. And it is apparent from the record that the controlling fact to be determined by the jury was whether the car had come to a standstill just before the plaintiff proceeded to alight.

The defendant was entitled to have the jury aided not merely by correct abstract propositions of law, but by instructions that were applicable to the issue actually being tried, and pertinent to the crucial questions before them. At the proper time it presented to the presiding judge certain requests directing attention to the principles of law that should govern the jury if they believed the defendant's evidence. Two of these requests were as follows: "3. The jury are instructed that if the plaintiff received her injuries in consequence of stepping or alighting from the car

while it was in motion before it had come to a regular stopping place, she cannot recover. . . . 7. It is no evidence of negligence on the part of a street railway company that a passenger alights of her own accord from a moving street car which has not come to a regularly established stopping place." It well may be that the judge could not give these in terms, because of the reference to regular stopping places (*Lockwood* v. *Boston Elevated Railway,* 200 Mass. 537, 544); but on the evidence in this case the defendant was entitled to have the jury instructed in substance that it was not legally liable if the plaintiff was injured by attempting to alight while the car was in motion. For, although under such circumstances the plaintiff's due care would be a question of fact (*Creamer* v. *West End Street Railway,* 156 Mass. 320; *Flynn* v. *Connecticut Valley Street Railway,* 196 Mass. 587), the jury would not be warranted in finding that the injury was caused by any negligence on the part of the defendant.

No such instruction was given. All that was said to the jury on this controlling issue was, "If the car was in motion was she then in the exercise of due care while trying to get off a moving car? . . . If you find that she got off a moving car and that she was not in the exercise of due care in so doing, then you should return a verdict for the defendant. If you find that when she got off the car the car was in motion, and there was no negligence on the part of the defendant at that time, then you should return a verdict for the defendant. If on the other hand you find that she was in the exercise of due care and that the defendant was negligent, you come to the next question as to what injuries if any she suffered. Now it is a fair question of fact on all the evidence here as to whether she was in the exercise of due care and whether the defendant was negligent and whether the defendant's negligence caused the injury." At the close of the charge the defendant particularly objected to that portion of it "in which the court said to the jury that 'if the car was in motion when the plaintiff alighted and if there was then no negligence on the part of the defendant there must be a verdict for the defendant;' and the objection to that is on the ground that it is left open to the jury to find that there might be negligence on the part of the defendant if the plaintiff alighted from a moving car." It also excepted to all portions of the charge inconsistent with its requests.

We are constrained to conclude that the defendant was prejudiced by the failure of the judge, in a charge otherwise free from error, to instruct the jury in substance that if they should find that the accident occurred by reason of the plaintiff's attempt to alight from a moving car while it was properly coming to a stop, the evidence in the case would not warrant a finding of negligence on the part of the defendant, and consequently it could not be held legally liable for the accident.

It is not necessary to discuss the other requests at length. The fifth and sixth were not required by any issue raised in the case. The first should have been given without the modification, as it is apparent from the plaintiff's story that her only grievance was against the conductor.

*Exceptions sustained.*