MARTHA MABRY *vs.* BOSTON ELEVATED RAILWAY COMPANY.
LOUIS MABRY *vs.* SAME.

Suffolk.   March 14, 1913. — May 21, 1913.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & DE COURCY, JJ.

*Practice, Civil,* Conduct of trial: judge's charge. *Negligence,* Street railway.

At the trial of an action against a street railway company by a passenger for personal injuries, where the plaintiff's evidence warrants a finding that, while he was in the act of alighting from a car which had come to a stop in a station in a subway, the car started and he was thrown down, and the defendant's evidence warrants a finding that the plaintiff was thrown down because he attempted to alight from the car while it was in motion, and neither the pleadings nor the evidence raise any other issue or warrant any other finding, a discussion in the charge of the presiding judge, as though it were pertinent to the issues and evidence in the case, of the liability of a street railway company for injuries caused to alighting passengers from jolts, jerks or lurches of cars, is improper, and an exception thereto will be sustained.

Where, in an action against a street railway company by a passenger for personal injuries, the plaintiff's evidence tends to show that, as he was alighting from a car of the defendant which was standing still at a station in a subway, the car was started negligently and he was thrown to the station platform, and the defendant's evidence tends to show that the plaintiff was thrown down because he attempted to alight from a moving car, and it is not possible on the evidence to find any other explanation of the accident than one of the two offered by such evidence, the presiding judge should instruct the jury that the defendant was under no duty to warn the plaintiff not to leave the car while it was in motion, and that, if they found that the plaintiff left the car while it was in motion and was injured for that reason, then they could not find that his in-

---

* *Wait,* J.

jury was caused by the negligence of the defendant; and an error in failing to give such instructions is not cured by an instruction to the jury, that the plaintiff could not recover if he was injured " because the car was moving and because he did not obey the instruction " of the conductor to "wait until the car stops," because under such an instruction the jury might infer that the conductor would be guilty of negligence if he failed to give such a warning.

TWO ACTIONS OF TORT, the first for personal injuries sustained by a married woman by reason of the negligent starting from a stationary position of an open street car of the defendant in the Haymarket Square station of the subway in Boston as she was in the act of alighting, and the second by the husband of the plaintiff in the first action for expenses and loss of consortium caused by her injuries. Writs dated September 28, 1910.

In the Superior Court the cases were tried before *Dubuque*, J. The material facts are stated in the opinion.

The jury found for the plaintiff in the first case in the sum of $1,500; and for the plaintiff in the second case in the sum of $50. The defendant alleged exceptions.

*J. T. Hughes*, for the defendant.

*J. P. Walsh*, (*C. J. Muldoon, Jr.*, with him,) for the plaintiffs.

DE COURCY, J. As both parties agree, the issue raised by the pleadings and the evidence in these cases was narrow and well defined. The testimony offered for Martha Mabry, hereinafter called the plaintiff, was in substance that the car had come to a stop and six passengers had alighted, and that before the plaintiff, in the act of alighting, had an opportunity to step from the running board the conductor gave the two-bell signal and the car started with a sudden jerk, throwing her to the station platform. On the defendant's evidence the injury was caused by the plaintiff's attempt to leave the moving car before it had come to a full stop. If the jury believed the plaintiff's story, they were well warranted in finding a verdict in her favor. If they accepted the defendant's version of the facts, it was their duty to return a verdict for the defendant; and they should have been so instructed.

On the declarations and the evidence there was no middle ground. The plaintiff's contention was, not that the car started violently, but that it started prematurely, from a full stop. For

that reason the references in the charge to liability for jolts and jerks in the movement of a car were uncalled for; and the discussion as to liability when an alighting passenger is injured by reason of a lurch of the car as it is coming to a stop was foreign to the evidence and the issue, and liable to mislead the jury. The defendant's counsel called these matters to the attention of the judge at the close of the charge and duly excepted thereto.

The jury were rightly told that the issue of the plaintiff's due care was one of fact for them. For even if the car was slowly moving, coming to a full stop as the defendant contended, it could not be ruled as matter of law that the plaintiff was careless in attempting to alight. Whether an ordinarily prudent person would do so under the circumstances was a question for the jury. *Marshall* v. *Boston Elevated Railway,* 203 Mass. 40. But nowhere in the charge were the jury told, as they should have been, that if the plaintiff left the car before it stopped there was no evidence, on the facts disclosed, of negligence on the part of the defendant and consequently no liability on its part. On the contrary they were instructed that "if the accident occurred through the plaintiff getting off the car before it stopped, and it was in consequence of that, it is for you to say whether the plaintiff was in the exercise of due care, and it is for you to say as to whether the defendant was negligent." And substantially the same statement was made elsewhere in the charge. It was not the equivalent of the law to which the defendant was entitled to say that the plaintiff would not be entitled to recover if she "was hurt because the car was moving and because she did not obey the instruction" of the conductor to "wait until the car stops." From this the jury would be likely to infer that notwithstanding the car was in motion they might find the defendant guilty of negligence if the conductor failed to warn the plaintiff not to get off until the car should stop. On the defendant's version, upon which the judge was then charging, there was no invitation to alight at the time of the accident and no negligence in bringing the car to a stop, and, as there was no duty to warn or restrain the plaintiff, the failure to warn would not constitute negligence.

Undoubtedly there are cases arising from an injury to a passenger while alighting from a slowly moving car where there is evidence for the jury both as to the passenger's due care and the

carrier's negligence. But this was not one of those cases. If the jury believed that the plaintiff was injured by leaving the car before it stopped, there was nothing in the evidence before them that constituted negligence on the part of the defendant. The failure of the judge to charge the jury that such was the law, and the portions of the charge that were inconsistent therewith, were specifically called to his attention and exceptions were duly taken by the defendant. Although the charge in some respects is above criticism, yet in view of the portions which have been referred to we are of opinion that considered as a whole it discloses prejudicial error, entitling the defendant to a new trial.

In consequence of the result to which we have come, we do not deem it necessary to consider the portion of the charge that deals with the witness Murphy, to which the defendant excepted on the ground that it was in violation of R. L. c. 173, § 80.

*Exceptions sustained.*