ALICE M. ELGER *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.     November 24, 1916. — February 26, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Street railway, Invited person.

In a street railway car equipped with pneumatic sliding doors which are operated by the motorman, if the motorman opens the doors when the car is approaching a stopping place but has not come to a full stop, it is not the duty of the conductor who is standing in the body of the car to warn a woman passenger who has gone out upon the rear platform that the car is still in motion, when he has no reason to suppose that the woman will attempt to alight from the car while it is in motion, and consequently his failure to give such a warning is not evidence of his negligence.

The opening by the motorman of the doors of such a car before it had come to a full stop and the announcement of the name of the next stopping place do not warrant a finding that a woman passenger who had gone out upon the rear platform was invited to alight from the moving car.

TORT for personal injuries alleged to have been sustained by the plaintiff on May 6, 1911, between eleven and twelve o'clock at night, when she was alighting as a passenger from an electric street railway car of the defendant on Boston Avenue near Arlington Street in West Medford, a usual stopping place for cars. Writ dated January 26, 1912.

In the Superior Court the case was tried before *Hitchcock,* J. The material facts which could have been found upon the plaintiff's evidence are stated in the opinion. At the close of the plaintiff's evidence the defendant moved that a verdict be ordered for it. The plaintiff's counsel urged that, the door of the car having been opened before the car came to a stop, the motion of the car having been very slight and imperceptible, the car stopping or being about to stop at a point which was not well lighted and was far beyond the customary stopping place, the conductor should have prevented the plaintiff from getting off the car when and as she did. The judge ruled that the plaintiff had as good an opportunity to know that the car was moving as the conductor had, and that therefore he owed her no duty to caution or protect her. The judge ordered a verdict for the defendant; and the plaintiff alleged exceptions, including certain exceptions to the exclusion of evidence which were waived at the argument.

*J. K. Berry,* (*E. C. Upton* with him,) for the plaintiff.

*H. D. McLellan,* (*W. C. Hodgdon* with him,) for the defendant.

DE COURCY, J. It was undisputed that the electric car was in motion when the plaintiff stepped to the ground. It was slowing down without any unusual jolt or jar, and came to a stop from four to twelve feet farther on, according to the varying estimates of the witnesses.

The car was equipped with pneumatic doors, which opened by sliding into a recess in the side of the body of the car and were operated by the motorman. On the night of the accident, after one of the passengers gave the signal to stop, the plaintiff and three other passengers walked to the rear end of the car. Her witness, one Dominey, who walked beside her, testified that when

they got out on the platform, "the door was just sliding open;" but the plaintiff said that the door was then "in." She proceeded down the two steps and to the ground, thinking, as she testified, that the car was at a stop.

Taking the testimony in its most favorable aspect for the plaintiff, there was no evidence of the alleged negligence on the part of the conductor "in not warning her that the car had not stopped." He was in the body of the car, and it does not even appear that he knew or had reason to suppose that the plaintiff would attempt to alight from the car while it was in motion. And see *Brightman* v. *Union Street Railway,* 167 Mass. 113, 115; *Coneton* v. *Old Colony Street Railway,* 212 Mass. 28, 30; *Mabry* v. *Boston Elevated Railway,* 214 Mass. 463.

The main contention of the plaintiff is that the motorman was negligent because he opened the door before the car had come to a full stop. We should be slow to say, in these days of rapid transit, that the mere opening of a door before the car comes to a full stop, not done in violation of a rule of the defendant, could be considered evidence of negligence. See *Hannon* v. *Boston Elevated Railway,* 182 Mass. 425. But, aside from that, on the facts disclosed the opening of the door and the announcement of the name of the next stop plainly did not warrant a finding that the plaintiff was invited to alight from a moving car. *England* v. *Boston & Maine Railroad,* 153 Mass. 490. See *Oddy* v. *West End Street Railway,* 178 Mass. 341; *Fletcher* v. *Boston & Maine Railroad,* 187 Mass. 463.

The exceptions to the exclusion of evidence not having been argued, it is enough to say that an examination of them discloses no reversible error. The plaintiff was allowed to show, as bearing on her due care, that customarily or usually the doors were not opened until these cars had come to a full stop, and that at the time of the accident she thought the car was at a stop.

As the evidence would not warrant a finding of negligence on the part of the defendant, it is unnecessary to consider the question of the plaintiff's due care.

*Exceptions overruled.*