ELLEN O'MALLEY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   November 22, 1916. — April 2, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Practice, Civil,* Conduct of trial: judge's charge, Exceptions.

At the trial of an action by a passenger against a street railway company for personal injuries alleged to have been caused by the starting of a street car of the defendant when the plaintiff was alighting from it after it had come to a stop at a terminal station, where, upon conflicting evidence, the questions, whether the plaintiff was in the exercise of due care and whether the motorman of the car was negligent, were for the jury, the judge in his charge, after correctly stating to the jury that the facts to be proved by the plaintiff on the issues raised by the pleadings were "that the defendant company stopped the car, through its motorman; that the plaintiff attempted to alight from the car, and while so alighting the car was started and the plaintiff suffered injury," further instructed them at length upon the issue, whether there was an implied invitation to the plaintiff to alight by reason of the vestibule door of the street car being opened before the car came to a stop and told them that that was a question of fact to be decided upon all the evidence in the case.   *Held,* that such additional instruction as to an implied invitation, which was an issue not raised by the pleadings, was error.

TORT for personal injuries, received when the plaintiff on March 11, 1915, was alighting from a surface street railway car at the Sullivan Square terminal of the defendant in Boston by reason of the starting of the car.   Writ dated April 17, 1915.

In the Superior Court the action was tried before *Hardy,* J. Material facts and exceptions of the defendant to a portion of the charge of the judge are described in the opinion.   There was a verdict for the plaintiff in the sum of $16,000; and the defendant alleged exceptions.

*J. E. Hannigan,* for the defendant.

*L. Hill,* for the plaintiff.

CROSBY, J.   This is an action to recover for personal injuries received by the plaintiff while attempting to alight from one of the defendant's cars at the Sullivan Square Station in Boston. It is not disputed that the plaintiff was a passenger at the time of the accident.   Upon conflicting evidence the questions, whether she was in the exercise of due care and whether the defendant's motorman was negligent, were for the jury.

There was evidence offered by the plaintiff to show that, as the car came into the station, the conductor "hollored out, 'Sullivan Square, all change;'" that she and other passengers then left their seats and proceeded toward the front platform of the car for the purpose of alighting; that as she came out on the platform both the car door and the vestibule door at the front end were open; that the car was stopped, and the passengers ahead of her were getting off; that as she took hold of the right hand handle bar and was in the act of stepping to the station platform, the car suddenly started, she was thrown down, and her left foot went under the front right wheel.

The facts to be proved by the plaintiff on the issues raised by the pleadings, as the judge correctly instructed the jury, were "that the defendant company stopped the car, through its motorman; that the plaintiff attempted to alight from the car and while so alighting the car was started and the plaintiff suffered injury." After so defining the issues upon which the plaintiff's right to recover depended, the judge instructed the jury at length upon the issue whether there was an implied invitation to the plaintiff to alight by reason of the vestibule door being opened before the car came to a stop, and told them it was a question of fact to be decided upon all the evidence in the case.

Having previously instructed the jury that the case was to be decided solely upon the issues raised by the pleadings, it was error for the judge to allow them to determine whether there was or was not an implied invitation to the plaintiff to alight, and to instruct them upon that question. In this connection see *Elger* v. *Boston Elevated Railway, ante,* 84. As that issue was not raised by the pleadings it was wholly immaterial whether there was such an invitation to the plaintiff or not. Those instructions raised an issue not presented by the pleadings, and as an exception thereto was duly saved by the defendant, it must be sustained.

It was error for the judge to instruct the jury upon the question whether there was or was not an implied invitation to alight.

As the questions presented by the other exceptions may not arise at a future trial of the case we do not deem it necessary to consider them.

*Exceptions sustained.*