Louis D. Barnes *vs.* Berkshire Street Railway Company.

Berkshire. September 20, 1932. — November 5, 1932.

Present: Rugg, C.J., Crosby, Wait, Donahue, & Lummus, JJ.

*Negligence*, Street railway, Contributory. *Practice, Civil,* Requests, rulings and instructions.

At the trial of an action for personal injuries against a street railway company, there was evidence that the operator of an automobile drove it at night toward a house whence he intended to take the plaintiff to his home; that the automobile stalled when a part of it was upon or close to the tracks of the defendant at the side of the street; that the lights of the automobile were lighted and the operator of an approaching street car would have had a view thereof for more than two hundred feet; that the plaintiff, knowing that if a street car should come there would be danger of a collision, came out of the house and, after looking to make sure that no street car was coming, went over to the automobile and attempted to push it from the tracks, while the operator tried to start the engine; and that, after they had been so occupied for a short time, a street car, which neither the plaintiff nor the operator saw in time to escape and whose gong was not sounded until too late to warn them, approached, sliding with locked wheels about eighty feet without slowing up, and struck the automobile with great force, whereby the plaintiff was injured. *Held*, that
(1) A finding was warranted that the motorman of the street car was negligent;
(2) The evidence did not require a ruling of law that the plaintiff was guilty of contributory negligence.

At the trial of an action of tort for personal injuries alleged to have been caused by negligence of the defendant, there was no error in the refusal by the trial judge of requests by the defendant for instructions to the jury that, if they should find certain of the subsidiary facts of which there was evidence, the plaintiff would be guilty of contributory negligence, where the evidence warranted also the finding of different or additional facts relating to the issue of contributory negligence, and where the instructions requested did not present a crucial test by which such issue could be determined.

Tort. Writ dated February 5, 1930.

The action was tried in the Superior Court before *W. A. Burns*, J. Material evidence is stated in the opinion. The

judge denied a motion by the defendant that a verdict be ordered in its favor. Subject to leave reserved under G. L. c. 231, § 120, a verdict for the plaintiff in the sum of $6,000 was recorded. The judge subsequently ordered that the verdict stand. The defendant alleged exceptions.

*W. A. Heaphy*, for the defendant.

*J. M. Rosenthal*, for the plaintiff.

LUMMUS, J. This is an action of tort for negligence causing bodily injury, in which the plaintiff obtained a verdict. The first exception of the defendant is to the denial of a motion for a directed verdict. The evidence warranted a finding of the following facts. On the evening of September 29, 1929, the plaintiff, a man of sixty-one years, had been visiting an old friend, Mrs. Rondeau, the mother of a young man named Halloween Reynolds. Mrs. Rondeau lived on the northerly side of Peck's Road in Pittsfield, at the corner of Student's Lane. Along the northerly side of Peck's Road ran the track of the defendant, a street railway corporation. About half past ten, when it was quite dark, Reynolds drove an automobile owned by his mother from her premises toward the track, intending to back it up to the porch of her house and thence to take the plaintiff home. The automobile stalled when its front was upon or close to the northerly rail. The automobile had bright headlights, which were lighted, and there was an electric light at the corner of the two streets. The operator of a street car approaching from the west would have a view of the automobile for more than two hundred feet. The plaintiff, knowing that street cars were running on the track and that if a street car should come there would be danger of collision, stepped from the house, after looking to make sure that no street car was coming, to a point about half way along the right or west side of the automobile and several feet northerly from the northerly rail. There he tried to push the automobile from the tracks. In the meantime, Reynolds remained in the automobile, trying to start the engine and making considerable noise in the process. Reynolds and the plaintiff remained at work together in this way for a time which the plaintiff in various

parts of his testimony estimated at "four or five seconds, or ten seconds" and at "a minute and it might be a little over a minute," trying unsuccessfully to move the automobile, until a street car of the defendant came from the west and hit the automobile at the front of its right side, swinging it around, moving it nine feet, and knocking the plaintiff into the left side of the street car. Neither Reynolds nor the plaintiff saw or heard the street car in season to escape.

The first ground upon which the defendant rests its motion is that there was no sufficient evidence of negligence on the part of its motorman. This was not stressed by counsel in argument, and requires little discussion. The evidence already stated, and further evidence that no gong was sounded until too late to be of use, that the street car slid with locked wheels about eighty feet without slowing up before the collision, and that, according to some witnesses, the street car was going on a normal rail, not slippery, only twelve miles an hour, while according to others it was going so fast on a slippery rail that it was swaying, make the case manifestly one for the jury on the issue of the defendant's negligence.

The second ground is that the evidence required a ruling that the plaintiff was guilty of contributory negligence, notwithstanding G. L. (Ter. Ed.) c. 231, § 85. The plaintiff had a right to place some reliance upon the probability of care on the part of the operator of any street car that might come. When the plaintiff took his position in the attempt to move the automobile, its situation was fraught with possible peril to the automobile, to Reynolds and to the motorman and passengers in any such street car. The man of ordinary prudence, by whose supposed conduct under similar circumstances the care of litigants is measured (*Labrecque* v. *Donham*, 236 Mass. 10), is not devoid of human instincts and emotions, numb to the promptings of friendship and humanity, and anxious only for the safety of his person at all costs. On the contrary, great risks taken to save persons in dire peril have been held consistent with due care. *Dixon* v. *New York, New Haven & Hartford Railroad*, 207 Mass. 126. *Wagner* v. *International Railway*,

232 N. Y. 176; 19 Am. L. R. 1, and note. Lesser risks may be justified by lesser occasions. There is no absolute safety in life, and the most ordinary acts involve possible danger. Mere knowledge that some danger exists is not conclusive of the negligence of one who fails to avoid it. *McGuinness* v. *Worcester*, 160 Mass. 272. *Thompson* v. *Bolton*, 197 Mass. 311. *Frost* v. *McCarthy*, 200 Mass. 445. *Naze* v. *Hudson*, 250 Mass. 368. *Mitchell* v. *Springfield*, 261 Mass. 188. *Slack* v. *Boston*, 275 Mass. 187. One is not negligent unless he takes greater risks than a man of ordinary prudence would take in a like situation. The degree of risk taken by the plaintiff does not require a ruling that he was negligent, in view of the exigency of the situation. *Lemay* v. *Springfield Street Railway*, 210 Mass. 63, 67. *Burns* v. *Oliver Whyte Co. Inc.* 231 Mass. 519. *Fitch* v. *Bay State Street Railway*, 237 Mass. 65. *Pierce* v. *Hutchinson*, 241· Mass. 557, 564. The case of *Renwick* v. *Eastern Massachusetts Street Railway*, 275 Mass. 145, and cases cited therein, are distinguishable on the facts.

The remaining exceptions are to the refusal to instruct the jury that if they should find certain of the facts of which there was evidence, bearing on the care of the plaintiff, he could not recover because of his contributory negligence. In pure theory, a request for an instruction that specified subsidiary facts do or do not warrant or require a particular conclusion, such as negligence, may be thought to raise a possibly material question of law, as well where the facts set forth conditionally in the request may be found by the jury to be all the facts material to the conclusion, as where the request is based on all the evidence or on a complete set of subsidiary facts already found. But the combinations of facts that may possibly be found by the jury are so numerous in most cases, that to require a judge to state the legal result of each one of them upon request would fill the charge with rulings for the most part immaterial to the facts actually found by the jury, and make the charge long, unbalanced and confusing. For sound practical reasons, there has been established and applied in various ways in many cases, from *Young* v. *Dur-*

*gin,* 15 Gray, 264, to *Schusterman* v. *Rosen,* 280 Mass. 582, the rule that instructions cannot be required as to the legal effect of a fragment only of the evidence or subsidiary facts bearing upon a particular issue.

In many of the reported cases applying this rule, as in the present case, the requested instruction was, that if the jury should find certain stated facts bearing upon an issue, such as negligence, such facts would be decisive of the issue. Where the evidence warranted also the finding of different or additional facts relating to the same issue, the trial judge has been upheld in refusing such a request, without regard to its legal accuracy. The following cases suffice as illustrations. *Stebbins* v. *Miller,* 12 Allen, 591, 597. *Dolphin* v. *Plumley,* 175 Mass. 304. *American Tube Works* v. *Tucker,* 185 Mass. 236, 240. *Nicholson* v. *Feindel,* 219 Mass. 490. *Director General of Railroads* v. *Eastern Steamship Lines, Inc.* 245 Mass. 385, 401. *McDonough* v. *Vozzela,* 247 Mass. 552, 559. *Dutton* v. *Bennett,* 256 Mass. 397, 404. *Rio Grande Western Railway* v. *Leak,* 163 U. S. 280, 287, 288. *Rexter* v. *Starin,* 73 N. Y. 601. The original papers show that the requests in *Hicks* v. *New York, New Haven & Hartford Railroad,* 164 Mass. 424, 428, and *Ferris* v. *Ray Taxi Service Co.* 259 Mass. 401, were of the same sort. If such a request is accurate in law, that permits, but does not require, the judge to grant it. *Hicks* v. *New York, New Haven & Hartford Railroad,* 164 Mass. 424, 428. *Shattuck* v. *Eldredge,* 173 Mass. 165, 168. *Kenny* v. *Ipswich,* 178 Mass. 368, 373. *Bourne* v. *Whitman,* 209 Mass. 155, 163, 164. The extent to which a judge shall discuss the evidence or the subsidiary facts is generally within his discretion.

This rule does not impair the right to require instructions as to the legal effect of a fact which of itself constitutes a separate and distinct issue, rather than a fragment of the subsidiary facts bearing upon an issue. In *Dodge* v. *Boston & Bangor Steamship Co.* 148 Mass. 207, it was held error not to instruct the jury upon request that if the plaintiff left the defendant's steamer by a gangway that he had been forbidden to use, he could not recover. For other examples

see *Miner* v. *Connecticut River Railroad*, 153 Mass. 398; *Baker* v. *Seavey*, 163 Mass. 522; *Houle* v. *Lewonis*, 245 Mass. 254. Since the law gives definite effect to contributory intoxication or other violation of criminal law or of specific statutory duty, a judge on request must instruct the jury as to that, apart from contributory negligence. *Jones* v. *New York, New Haven & Hartford Railroad*, 275 Mass. 139. *Newcomb* v. *Boston Protective Department*, 146 Mass. 596. *Commonwealth* v. *Cassidy*, 209 Mass. 24; *Medlin* v. *Bloom*, 230 Mass. 201. *Labrecque* v. *Donham*, 236 Mass. 10, 14, 15. *Bilodeau* v. *Fitchburg & Leominster Street Railway*, 236 Mass. 526, 534. *McCarthy* v. *Beckwith*, 246 Mass. 409. *Bogert* v. *Corcoran*, 260 Mass. 206. *Cook* v. *Crowell*, 273 Mass. 356.

Furthermore, the rule is subject to a genuine exception based, like the rule itself, on practical grounds. Sometimes the issue depends upon the existence of some fact, theoretically subsidiary but practically decisive if found. In such a case, for a judge to ignore the simple concrete test and submit the case upon abstract general instructions blurs the point and may mislead the jury. Accordingly, in *Krock* v. *Boston Elevated Railway*, 214 Mass. 398, it was held error to refuse a requested instruction that the plaintiff could not recover if she got hurt by stepping off a moving car. For other examples see *Mason* v. *Winthrop*, 196 Mass. 18; *Jaglenaski* v. *Andersen Coal Mining Co.* 214 Mass. 573; *Carey* v. *Mercer*, 239 Mass. 599; *Simoneau* v. *Keene Electric Railway*, 78 N. H. 363.

The present case falls within the rule, not the exception. The requested instructions presented no crucial test by which the issue of due care could be determined. They invited the judge to a trial of dialectic skill, but offered no practical aid to the jury. To require a judge to deal with such requests would make them "a training field for the saving of exceptions possessing only a theoretical merit," as was said in another connection in *Cutter* v. *Cooper*, 234 Mass. 307, 316. Like other imperfect requests (*Bogert* v. *Corcoran*, 260 Mass. 206, 209, *Jordan* v. *Velozo*, 266 Mass.

76), these may have required the judge in his charge to cover adequately the issues upon which the requests bore. This the judge did.   He was not bound to do more.

*Exceptions overruled.*