ROSALBA PERELLA *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.   April 2, 1940. — September 10, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Negligence*, Street railway: passenger leaving car, sudden start; Contributory.   *Practice, Civil*, Charge to jury, Requests, rulings and instructions.

On evidence warranting a finding that a street car was so operated as to lead a passenger to believe reasonably that he could alight safely while the car was still moving very slowly, there was no reversible error in a portion of the charge, read in the light of the whole charge, leaving to the jury the issue whether there was an "invitation" to alight.

Evidence that a street car, in response to a passenger's signal, slowed in approaching a regular stopping place so that it was "barely moving," that the door opened and he then started to alight, whereupon suddenly and without warning the car resumed speed, throwing him to the street, warranted a finding that those in charge of the car were negligent, and did not require a ruling that the passenger was contributorily negligent.

In an action for negligence in the operation of a street car, the judge was not required to rule separately on the conduct of each of the employees in charge of the car.

TORT.   Writ in the Superior Court dated April 21, 1936.
There was a verdict for the plaintiff in the sum of $2,100

at the trial before *Kirk*, J. The defendant alleged exceptions.

*S. C. Rand*, (*M. C. Stewart* with him,) for the defendant.

*F. J. Monahan*, (*M. S. Aborn* with him,) for the plaintiff.

Qua, J. The plaintiff was injured in consequence of a fall while she was alighting from one of the defendant's street cars in which she had been a passenger. She alleges that her injury was due to the negligence of the defendant, its agents or servants "in suddenly and without warning starting up the said car . . . before she had a fair chance to get down onto the street."

Upon conflicting evidence the jury could have found as one explanation of the manner in which the accident occurred that in response to the plaintiff's signal the car slowed down as if to stop at a regular stopping place, and the door opened; that the car was "barely moving" so slowly "that you couldn't calculate it in miles per hour"; that the plaintiff started to step out; and that the car suddenly and without warning resumed speed and threw the plaintiff to the ground. In reference to this possible state of facts the judge instructed the jury as follows: "There has been some testimony here which, if believed, would warrant you in finding that the street car was moving very slowly and that the doors were open. If you find that such, or that fact was the case, when the street car was at or was just approaching its regular stopping place, then you have presented to you the question, — and it is for you, the jury to answer, Whether under such circumstances there was an invitation extended to the plaintiff as a passenger to alight. That is, would a person of ordinary prudence and caution in the position in which the plaintiff was at that time, if you find that those were the circumstances, have undertaken to alight from the car? If you should find that a person of ordinary prudence and caution would in those circumstances have undertaken to alight or to step from the car, and by that I mean physically stepping from the platform to the street, — and that the plaintiff did so, and that while doing so the speed of the car was accelerated causing the plaintiff to fall, the plaintiff is en-

titled to recover in this action." The defendant contends that this portion of the charge was prejudicial error. We do not think so.

The words quoted comprised only a small part of a charge of considerable length. Elsewhere in that charge the judge clearly instructed the jury as to the defendant's duty as a common carrier towards a passenger, as to the necessity of proof of the defendant's negligence, and as to the meaning and effect of negligence and contributory negligence in a case of this kind, and he carefully analyzed the various possible views of the evidence which the jury might adopt. The fragment of the charge to which exception is taken must of course be read in the light of the charge as a whole. The word "invitation" when used in connection with the stopping of a car to permit a passenger to leave must not be allowed to become a source of confusion or to lead into a maze of distinctions. There is no invitation in any technical legal sense. The questions at issue are simply whether the defendant was causally negligent and whether the plaintiff was contributorily negligent. See *O'Malley* v. *Boston Elevated Railway*, 226 Mass. 421. If the defendant by its conduct in managing the car caused the plaintiff reasonably to believe that the car would proceed to a full stop without interruption, so that she could leave safely when the speed had been reduced to a point which eliminated danger from that source, it could be said that the defendant had "invited" the plaintiff to alight, and if the plaintiff in reliance upon this "invitation" and in the exercise of due care did attempt to alight, when the speed had been sufficiently reduced, and if she was thrown because the car did not continue to a full stop, but suddenly forged ahead, the jury could find that negligence of the defendant was the sole cause of the fall, and that the plaintiff was entitled to recover. *Weil* v. *Boston Elevated Railway*, 218 Mass. 397, 402. *Marshall* v. *Boston Elevated Railway*, 203 Mass. 40. *Vine* v. *Berkshire Street Railway*, 212 Mass. 580. This is the practical effect of what the judge said. Hearing this part of the charge in connection with the rest of it, the jury could not have been misled.

Leaving a street car while it is still moving very slowly is not necessarily as a matter of law an act of negligence. That question was for the jury. *Creamer* v. *West End Street Railway,* 156 Mass. 320, 324. *Flynn* v. *Connecticut Valley Street Railway,* 196 Mass. 587, 591. *Marshall* v. *Boston Elevated Railway,* 203 Mass. 40. *Payne* v. *Springfield Street Railway,* 203 Mass. 425, 432. *Mabry* v. *Boston Elevated Railway,* 214 Mass. 463, 465.

Cases relied upon by the defendant are distinguishable. In *Krock* v. *Boston Elevated Railway,* 214 Mass. 398, the court held that on the evidence the accident could have occurred only in one of two ways, either (1) by the car starting after a full stop and while the plaintiff was alighting, or (2) by reason of the plaintiff alighting while the car was slowing down, and that the jury should have been instructed that in the latter alternative there was no evidence of the defendant's negligence. In the present case there was evidence of the defendant's negligence in a state of facts similar to (2) above, in that there was evidence of a sudden start while the car was in the course of coming to a stop and after it had practically stopped. That evidence was lacking in the *Krock* case. The decision in the *Krock* case is carefully directed to this precise point. The case of *Mabry* v. *Boston Elevated Railway,* 214 Mass. 463, decided at the same sitting as the *Krock* case, is almost an exact repetition of that case and is distinguishable on the same ground. In *Elger* v. *Boston Elevated Railway,* 226 Mass. 84, there was no evidence of the defendant's negligence. The case of *Moulton* v. *Boston Elevated Railway,* 236 Mass. 234, 237, requires no special comment.

The defendant's requests numbered 3 and 4 were given by the judge, and were not, as we read the charge, limited to only one of the several states of fact which the jury could find.

The judge was not required to give a ruling that there was no evidence of negligence on the part of the defendant's conductor. There was evidence of negligence in the defendant's operation of its car. Which one of the defendant's employees was negligent was not an issue in the case. The

judge was not obliged to give separate instructions for each employee. He could limit his instructions to the issues. *Barnes* v. *Berkshire Street Railway,* 281 Mass. 47, 50, 51, 52, 53.

*Exceptions overruled.*