JOHN ZAWACKI *vs.* JOHN C. FINN.

Hampshire.    September 18, 1940. — October 30, 1940.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Negligence,* Contributory, Motor vehicle, In use of way.

A ruling of contributory negligence on the part of the operator of a motor vehicle was not required by evidence that he turned to his left across a highway to enter an intersecting street when he observed another automobile rapidly approaching him about three hundred feet away and thought he had plenty of time to cross, and, when danger of collision was apprehended, increased his speed instead of stopping.

TORT. Writ in the District Court of Hampshire dated December 9, 1936.

On removal to the Superior Court, the action was tried before *T. J. Hammond*, J., and in this court was submitted on briefs.

*D. D. O'Brien*, for the defendant.

*E. L. O'Brien & J. L. Lyman*, for the plaintiff.

RONAN, J. At the trial of this action of tort to recover for personal injury and damage to his automobile, the plaintiff introduced the report of an auditor, who found in his favor and assessed damages in the sum of $3,780. The plaintiff testified at the trial but the defendant did not testify. Other than the auditor's report, no evidence was submitted upon damages. The defendant admitted that he was negligent. In answer to a question submitted to them, the jury found that the plaintiff was in the exercise of due care. The judge then directed the jury to find for the plaintiff in the amount determined by the auditor. The defendant excepted to the refusal of the judge to grant his motion for a directed verdict and to the denial of certain requests for instructions.

There was evidence that the plaintiff, early in the evening of June 18, 1936, and while it was daylight, stopped his automobile along the easterly side of a State highway, in Easthampton, in order to permit three automobiles travelling northerly behind him to pass so that he might turn to his left into Lyman Street, which intersects the westerly side of the State highway but does not cross it. The State highway, which runs approximately north and south, has a macadam surface twenty feet wide, with a gravel shoulder three feet wide on each side of the macadam. A white traffic line was painted in the middle of the State highway opposite Lyman Street. The jury could find that the plaintiff, after permitting the three automobiles to pass, looked to his rear and observed no automobiles approaching from that direction. He then looked to the north and saw the automobile of the defendant coming southerly toward him on its right side of the State highway. It was then about three hundred feet away and travelling at a speed of forty

to fifty miles an hour. The plaintiff, thinking that he had plenty of time to cross the State highway, started his automobile in low gear, turned to his left, reached the middle of the State highway and then saw the defendant's automobile about one hundred feet away proceeding at about forty-five miles an hour. The plaintiff could have stopped his automobile in about two feet but he increased his speed. The front of his automobile had reached Lyman Street when its right rear wheel was struck by the defendant's automobile. The plaintiff was injured and his automobile was damaged.

The defendant having admitted that he was negligent, the only remaining issue on liability was the contributory negligence of the plaintiff. That issue was properly submitted to the jury, unless, as matter of law, the evidence required a finding that the plaintiff was negligent. The negligence of the plaintiff was an affirmative defence. G. L. (Ter. Ed.) c. 231, § 85. It can seldom be ruled that the burden of proof resting upon oral testimony has been sustained. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450. *Donahue* v. *Leventhal,* 302 Mass. 393. Moreover, the finding of the auditor that the plaintiff was not contributorily negligent was itself sufficient to carry that issue to the jury. *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564. *Murphy* v. *Smith, ante,* 64.

The jury could find that the plaintiff's judgment, that he had sufficient time to cross safely this comparatively narrow highway when he saw the defendant's automobile about three hundred feet away, was not unreasonable even if shown by subsequent events to have been mistaken. *Jeddrey* v. *Boston & Northern Street Railway,* 198 Mass. 232. *DeAngelis* v. *Boston Elevated Railway,* 304 Mass. 461. Upon the evidence, the issue of the contributory negligence of the plaintiff presented a question of fact which was properly submitted to the jury. *Salisbury* v. *Boston Elevated Railway,* 239 Mass. 430. *Barrows* v. *Checker Taxi Co.* 290 Mass. 231. *Harlow* v. *Corcoran,* 290 Mass. 289. *Bresnick* v. *Heath,* 292 Mass. 293. *Aromando* v. *Leach,* 306 Mass. 286.

It follows that there was no error in the denial of the

defendant's first three requests, to the effect that the plaintiff, upon all the evidence, was not entitled to recover because he was guilty of contributory negligence. Furthermore, a request is not the proper method of raising the question of the sufficiency of the evidence in a trial before a jury. Each of the remaining four requests comprised a grouping of certain selected facts appearing in the evidence, which were stated categorically as facts, and sought an instruction thereon that the plaintiff was thereby negligent. The jury might have found that some of the facts stated in each of these requests had not been proved, or they may have found additional or different facts upon this issue. A party cannot as of right require the judge to give instructions based upon a part of the evidence that has been introduced upon an issue of fact. *Barrett* v. *Checker Taxi Co.* 263 Mass. 252. *Barnes* v. *Berkshire Street Railway,* 281 Mass. 47. *Commonwealth* v. *Polian,* 288 Mass. 494. *Halnan* v. *New England Telephone & Telegraph Co.* 296 Mass. 219. *Haggerty* v. *Sullivan,* 301 Mass. 302. *Squires* v. *Fraska,* 301 Mass. 474.

The auditor assessed damages in favor of the plaintiff. His report was the only evidence on damages and precluded the direction of a verdict on the ground that no damages were proved. *List Finance Corp.* v. *Sherry,* 298 Mass. 533. But whether there was error in instructing the jury to fix the damages in the amount found by the auditor — compare *Savin* v. *Block,* 297 Mass. 487; *Sarhanis* v. *Young,* 301 Mass. 571 — is not open in the absence of an exception to such instruction.

*Exceptions overruled.*