MAX RUSSELL *vs.* JACOB J. BERGER
(and a companion case[1]).

Suffolk.  November 10, 1941. — September 13, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, DOLAN, COX, &
RONAN, JJ.

*Negligence,* Contributory, Motor vehicle, Use of way.  *Practice, Civil,*
Requests, rulings and instructions.  *Evidence,* Presumptions and burden of proof.

An exception to the denial of a request for an instruction to the jury cannot be sustained if the substance of the instruction is contained in the charge.

Under G. L. (Ter. Ed.) c. 231, § 85, the plaintiff in an action for injuries to person and property need not prove that his own lack of care did not contribute to the injuries.

In an action for injury resulting from a collision of automobiles, the trial judge properly denied requests for instructions to the jury respecting the speed and skidding of the plaintiff's automobile and his observations of other traffic where each instruction related only to a fragment of the evidence on the issue of the plaintiff's contributory negligence.

A finding of negligence of the operator of an automobile was warranted by evidence that he suddenly backed it out of a driveway onto a public way in the path of a nearby vehicle which collided with it.

---

[1] The companion case was by the same plaintiff against Nelson Kritzman.

Two ACTIONS OF TORT. Writs in the Municipal Court of the City of Boston dated February 21, 1939.

Upon removal to the Superior Court, the cases were tried together before *Beaudreau*, J.

In this court the cases were argued at the bar in November, 1941, before *Field*, C.J., *Donahue*, *Qua*, *Dolan*, & *Ronan*, JJ., and afterwards were submitted on briefs to all the Justices.

*J. L. Fitzpatrick*, for the defendants.

*J. W. Blakeney, Jr.*, for the plaintiff.

LUMMUS, J. These are actions of tort to recover for personal injuries and damage to the plaintiff's automobile resulting from alleged negligence of the defendant Kritzman in backing out of a driveway in North Andover on February 10, 1939, an automobile registered in the name of the defendant Berger. There was no evidence that Kritzman was a servant of Berger, but there was evidence that the automobile that collided with that of the plaintiff was not owned by the defendant Berger although it was registered in his name. The judge instructed the jury, without exception, that if the automobile was properly registered in Berger's name as owner, Berger was not liable, but that if Berger was not the owner and the automobile was illegally registered in his name, Berger was liable irrespective of negligence for permitting an automobile to be operated on the ways of the Commonwealth without being lawfully registered. See G. L. (Ter. Ed.) c. 90, § 9. The plaintiff could, however, have gone to the jury against the defendant Berger under G. L. (Ter. Ed.) c. 231, § 85A, but that point was not mentioned. *Legarry* v. *Finn Motor Sales, Inc.* 304 Mass. 446. In the case against Kritzman, the jury were told that the plaintiff could recover only if Kritzman caused the accident by negligence, and the plaintiff was not shown to be guilty of contributory negligence. Compare G. L. (Ter. Ed.) c. 90, § 9. The jury found specially that the automobile operated by the defendant Kritzman was illegally registered in the name of the defendant Berger, and returned a verdict against each defendant. The cases are here on exceptions taken by the defendants.

In each case there was a first count for negligence caus-ing personal injury, a second count for negligence causing damage to the plaintiff's automobile, and a third count for maintaining a nuisance, to wit, an illegally registered auto-mobile. The answer was a general denial, with an allega-tion of contributory negligence and an assertion that the plaintiff's automobile was not legally registered. Appar-ently there was no evidence to support this last asser-tion.

The defendants excepted to the refusal of certain re-quested instructions. One was as follows: "2. The fact that the car of the defendant, if it be found to be a fact, was illegally registered does not change the plaintiff's duty to be in the exercise of due care." This was a correct state-ment of the law. *Brown* v. *Alter*, 251 Mass. 223. *McKenna* v. *Andreassi*, 292 Mass. 213, 216, 218–219. But the judge instructed the jury in accordance with this request that the plaintiff could not recover in either case if found to be guilty of contributory negligence.

The next exception of the defendants is to the refusal of the following requested instruction: "3. The plaintiff in this action cannot recover for his damage without showing that his own want of care did not directly contribute to that damage." The burden of proof of contributory negli-gence has been on the defendant ever since St. 1914, c. 553 (G. L. [Ter. Ed.] c. 231, § 85). *Duggan* v. *Bay State Street Railway*, 230 Mass. 370. *Brown* v. *Henderson*, 285 Mass. 192. *Murphy* v. *Smith*, 307 Mass. 64. Consequently this requested instruction could not properly have been given.

It could not have been ruled, as requested by the defend-ants, that "a speed of thirty-five to forty miles per hour under sleety conditions with the road covered with ice, is excessive and unreasonable under the circumstances." The speed stated was somewhat in excess of that shown by the testimony, especially just before the collision. There was no evidence that the road was covered with ice rather than snow or a mixture of ice and snow. Besides, the request was defective under the familiar "fragment" rule. *Barnes*

v. *Berkshire Street Railway*, 281 Mass. 47, 50, et seq. *Zawacki* v. *Finn*, 307 Mass. 86, 89. This last observation applies also to the request for a ruling that if the plaintiff failed to observe or observed negligently conditions as to other vehicular traffic he cannot recover, to say nothing of the fact that the request omitted the element that his conduct must have been contributory to prevent recovery. The same applies also to the request that if skidding caused by the rate of speed contributed to the accident he cannot recover; and besides the request omitted the element that the rate of speed must have been negligent to prevent recovery. All these requests related to subsidiary facts bearing on the issue of contributory negligence, which issue was submitted to the jury. The judge was not required to discuss the subsidiary facts. *Commonwealth* v. *Polian*, 288 Mass. 494, 499. *Commonwealth* v. *Payne*, 307 Mass. 56, 58. *Zawacki* v. *Finn*, 307 Mass. 86, 89.

Another request was as follows: "5. If the plaintiff operated his car at a rate of speed greater than that which was proper and reasonable under all the circumstances and such rate of speed contributed to the accident, this amounts to negligence under the circumstances and bars his recovery in this action." The judge said to the jury that the plaintiff "tells you that . . . he was driving that car at a rate of speed, if I recall, somewhere between thirty, thirty-five and forty — I don't know as I am exact about it but you will recall the testimony." He told the jury that "it was the duty of these two drivers, Russell and Kritzman, to operate their cars as reasonable and prudent men should operate them, on the day in question, at a rate of speed that was reasonable and proper." He told the jury that the plaintiff could not recover in either case if he was guilty of contributory negligence. The judge was not bound to instruct the jury in the language of the request. We think that the requested ruling was given in substance.

The defendants excepted to the denial of their motions for directed verdicts in their favor. But plainly the cases were for the jury. On the evidence for the plaintiff, Kritzman suddenly started to back out of the driveway into the

highway when the plaintiff was only ten or twenty feet away, and though the plaintiff "jammed on" his brakes he was unable to prevent a collision.

*Exceptions overruled.*