MARY ANN STELLA & another[1] *vs.* MORRIS E. CURTIS.

Essex.    December 8, 1964. — February 5, 1965.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Practice, Civil*, Appellate Division: appeal, new trial; Requests, rulings and instructions.

An appeal from a final decision of the Appellate Division of a District Court dismissing a report following a second trial of an action held pursuant to a previous decision by the Appellate Division vacating the finding at the first trial and ordering a new trial brought both decisions to this court for review. [459]

If there was no error at the trial of an action in a District Court, the finding there made must stand regardless of the result of a new trial ordered by the Appellate Division. [459]

Statement of principles governing the disposition of requests for findings or rulings in an action heard without jury. [461–462]

Seventeen requests for rulings, with many subdivisions, filed by a party to a personal injury action on the issue of damages were deemed excessive in number by this court. [459–461]

In an action heard without jury, the judge was not required to pass upon requests for rulings that the evidence warranted findings of specified subsidiary facts which were not decisive of any issue in the case. [462–463]

A judge hearing an action without jury was in error in failing either to grant requests for rulings stating correct principles of law in relation to factual situations which, if found to exist, would be decisive of issues in the action, or to demonstrate that the requests were refused as inapplicable to the facts found by him. [463]

TORT. Writ in the District Court of Lawrence dated June 17, 1957.

The first trial of the action was before *Darcy, J.*

*Richard R. Flood & John L. McDonough, Jr.,* for the defendant, submitted a brief.

*Salvatore J. Basile (Michael T. Stella* with him) for the plaintiffs.

KIRK, J. The defendant appeals from an order of the Appellate Division dismissing a report claimed by him in

1 Michael T. Stella.

this action of tort following a second trial which was limited to the issue of damages for personal injury to Mary Ann Stella (the plaintiff). The second trial was held by order of the Appellate Division following the establishment of a report, upon the petition of the plaintiff, because of alleged errors at the first trial.

Neither party contends that there was error at the second trial, where the award of damages to the plaintiff was substantially larger than the award at the first trial. The defendant contends that there was error in the order of the Appellate Division vacating the finding at the first trial and granting a new trial. He asks that judgment be entered on the finding made at the first trial.

The Appellate Division's order dismissing the second report is a final decision, and the appeal brings before us for review that final decision, and also the rulings of law made by the judge at the first trial, the report on the first trial, and the action of the Appellate Division thereon. *Weiner* v. *Pictorial Paper Package Corp.* 303 Mass. 123, 127. *Via* v. *Asbestos Textile Co. Inc.* 335 Mass. 210, 212. *Peerless Cas. Co.* v. *Marinucci Bros. & Co. Inc.* 336 Mass. 691, 694.

We address ourselves to whether there was error at the first trial. If there was none, the finding there made must stand, regardless of later proceedings. *Marquis* v. *Messier,* 303 Mass. 553, 555. The plaintiff filed thirty-seven requests for rulings. Of these, twenty related to liability and are not in issue. The remaining seventeen requests related to damages, of which seven, with subdivisions, are set out in the footnote.[2] The judge declined to act upon

---

[2] "27. A finding is warranted that the plaintiff was permanently disabled from doing any and all types of work from August 13, 1956, to the latter part of January, 1957.

28. A finding is warranted that the plaintiff was unable and has been unable to do all of her usual household duties from the middle part of January, 1957 to the present date.

29. A finding is warranted that the plaintiff was unable and has been unable, to do all of her stenographic work from the middle of January, 1957 to the present date.

30. A finding is warranted that the plaintiff sustained the following injuries as a result of this accident:

them because he considered them to be requests for findings of fact. Before discussing the propriety of his action we wish to point out, as we have before, that a judge is not helpless when faced with a flood of requests. "We have no doubt that where the number of requests is palpably in excess of the number legitimately needed in a case the trial judge has the power either to order them stricken from the files, or to require a party to reduce them to a reasonable number or risk the loss of any rights under them." *Hogan v. Coleman,* 326 Mass. 770, 773. *Commonwealth v. Greenberg,* 339 Mass. 557, 584. In view of the limited issue to

(a) An oblique comminuted fracture of the distal and of the left clavicle at the acromio clavicular joint.

(b) A chronic strain of the neck with nerve root irritation.

(c) Secondary to (a) and (b) moderate freezing periarthritis of the left shoulder joint.

(d) 1 inch laceration of the right eye lid requiring two sutures.

(e) Inflammation of right eye caused by glass particles which required a physician about two hours to remove.

(f) Contusion of left and right scalp.

(g) Broken 1st molar front upper left with laceration of mouth.

(h) Contusion of left upper shoulder resulting in hematoma and edema with discoloration tapering down forearm and hand markedly at the shoulder.

(i) Contusion of right shoulder with hematoma.

(j) Edema and discoloration of right knee and both legs and right outer hip.

(k) Shock — palpation — dizziness.

(l) Neurocirculatory asthenia.

(m) Nausea.

(n) Flattening of the cervical spine as regards the normal lodoric curve.

31. A finding is warranted that as a result of this accident the plaintiff has sustained the following permanent injuries.

(a) Permanent partial loss of use of left shoulder and arm to the extent of 40%.

(b) Loss of grip power in left hand.

(c) Permanent deformity of left shoulder.

(d) Partially separated left acromio clavicular joint.

(e) Permanent scar — right eye.

32. A finding is warranted that immediately prior to the injuries which she sustained the plaintiff took care of all the household duties in her home in North Andover, covering seven rooms and two and one-half baths. That in addition to that she worked for the Marconi Credit Union and received compensation of $30.00 per week. That in addition to that she did all of the legal stenographic and typing work for her husband as a legal stenographer on a full time basis.

33. A finding is warranted that the plaintiff has had the following earning capacity prior to the accident in connection with all of the duties which she performed:

(a) Earning capacity of $60.00 per week as a legal stenographer.

(b) Earning capacity of $30.00 per week as a part time bookkeeper for the Marconi Credit Union."

which the requests were addressed, compensable damages in a personal injury case, we think that the number of requests, including their subdivisions, was clearly excessive and that the judge would have been justified in requiring the plaintiff to refashion the requests and reduce the number as a condition precedent to passing upon any of them. *Commercial Credit Corp.* v. *Stan Cross Buick, Inc.* 343 Mass. 622, 626. In making this observation we intend no discouragement of the helpful practice of submitting detailed memoranda to the judge, even though sometimes in the form of requests, when offered as an aid to him in the consideration of the case and not as a device to ensnare him into error.

The first report established by the Appellate Division shows, however, that the judge entertained the requests as filed, and then declined to pass upon the requests on the ground that they were requests for findings of fact and not requests for rulings of law. Under our practice it is clear that in an action at law a judge is not required to pass upon requests for findings of fact, and that his denial of them or failure to pass upon them presents no question of law. *Larson* v. *Jeffrey-Nichols Motor Co.* 279 Mass. 362, 368. *Wrobel* v. *General Acc. Fire & Life Assur. Corp. Ltd.* 288 Mass. 206, 209. *Conley* v. *Morash,* 307 Mass. 430, 432. *Perry* v. *Hanover,* 314 Mass. 167, 170, and cases cited. It is likewise well established that the duty of the judge is to pass upon relevant requests for rulings of law and to decide the case. He must correctly instruct himself as to the governing principles of law and must pass upon pertinent requests for rulings of law presented to him for this purpose in such a way as to make plain that he has not fallen into error. *Home Sav. Bank* v. *Savransky,* 307 Mass. 601, 603, and cases cited. Similarly, it is an accepted rule of practice that a request, predicated upon the sufficiency of the evidence to warrant a finding which is decisive of an issue in the case, is a "proper," "pertinent" or "relevant" request for a ruling of law and not a request for a finding of fact, and must be passed upon by the judge. The denial

of such a request, or the failure to act upon it which is treated as a denial, raises a question of law. *Bresnick* v. *Heath,* 292 Mass. 293. *Hurley* v. *Ornsteen,* 311 Mass. 477, 480.

It does not follow, however, that every request predicated upon the sufficiency of the evidence to warrant a particular finding or conclusion becomes thereby a "proper," "relevant" or "pertinent" request for a ruling of law which requires action by the judge. In order to pose a request requiring a judicial answer it must relate to a fact or to a factual aspect of the case that is dispositive or decisive of an issue in the case. This field of our practice was thoroughly explored and was the subject of a penetrating analysis by Lummus, J., in *Barnes* v. *Berkshire St. Ry.* 281 Mass. 47, 50–53, in dealing with requests for instructions to the jury. It would serve no useful purpose to repeat or to attempt to paraphrase what was ably and lucidly expounded in that case with apt examples of what constitutes an issue. The same principle was applied to requests for rulings of law in trials without jury. In *Halnan* v. *New England Tel. & Tel. Co.* 296 Mass. 219, 223, citing cases, including *Barnes* v. *Berkshire St. Ry.* 281 Mass. 47, 50–51, it was said, "The trial judge was not obliged to rule on a part of the testimony selected by the defendant which, taken by itself, apart from facts in the record bearing on the issue of impairment of the plaintiff's future capacity to work, was not decisive of that issue. . . . The rule requiring a judge sitting without jury, who refuses to grant a request for a ruling, to state, if it does not otherwise appear, either that the law stated in the . . . [request] is unsound or inapplicable or that the facts therein stated have not been found by him (*Bresnick* v. *Heath,* 292 Mass. 293), does not compel a judge to deal with indecisive portions of the evidence. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 19." The mere incorporation within a request of the words "a finding is warranted" does not require a judge to deal with indecisive portions of the evidence. If such a request is accurate in law, it permits, but does not require,

the judge to grant it. The extent to which a judge shall deal with the evidence or the subsidiary facts is generally within his discretion. *Barnes* v. *Berkshire St. Ry.* 281 Mass. 47, 51.

We have discussed this aspect of the case before us because of the Appellate Division's intimation, in its opinion, that the judge had a duty to deal with all requests whose premise was "the evidence warranted a finding." Under the principle heretofore discussed, this conception, if intended, is not correct.

In personal injury cases, under the general issue of damages, there usually are of course special issues, retrospective and prospective, as to pain and suffering, impairment of earning capacity, and disbursements for hospitalization and medical attendance. The sufficiency of the evidence to warrant a finding as to each of these special issues may properly be the subject of a request for a ruling of law. The requests after no. 27, however, represent, in the main, a catechistic effort to get a ruling on subsidiary facts or fragments of the evidence which are not decisive of any general or special issue in the case. They would not be tolerated as requests for instructions to a jury, and they have no better standing as requests for rulings in a trial without jury.

On the other hand, we agree with the Appellate Division, that, without particularization, there were requests not cited in footnote 2, which stated correct principles of law or related to factual situations, which if found to exist would be decisive of an issue in the case. These requests, therefore, required the judge to grant them or to state facts found by him which made the requests inapplicable, and otherwise to comply with Rule 27 of the Rules of the District Courts (1952). His failure to do so was error.

It follows that the first order of the Appellate Division, directing a retrial, was right, and that the order dismissing the report after the second trial was right.

*Order dismissing report affirmed.*