*Western District*
No. 166297
**ROBERT FERGUSON, MAMIE
WILLIAMS, HAROLD WILLIAMS
and ROGER WILLIAMS**

v.

**WINDSOR COURT RESTAURANT, INC.**

Argued: July 6, 1967  Decided: August 21, 1967

*Present:* Garvey, P.J., Moore, J. and Allen, J.

Tried to: *Sloan, J.,* in the District Court of Springfield. #166297.

Garvey, P.J. Each of the plaintiffs allege that the defendant, an operator of a place of public accommodation, did discriminate against them because they are Negroes, in violation of G.L. c. 272, § 98. After a finding in their favor the defendant claimed a report.

Section 98, in its pertinent parts provides:

"Whoever makes any distinction, discrimination or restriction on account of religion, color, national origin or race, except for good cause. . . .relative to the ad-

mission of any person to, or his treatment in, any place of public accommodation. . . . as defined in Section 92A of Chapter 272 . . . .shall be punished by a fine. . .and shall forfeit to any person aggrieved thereby not less than $100.00 nor more than $500.00. . . .''

The evidence indicates that the plaintiff Roger Williams accompanied by his wife, the plaintiff Mamie Williams, and his brother, the plaintiff Harold Williams entered the defendant's place of business on November 14, 1961. His wife and brother took seats at a table. He went to the bar and ordered three bottles of ale for which he was charged and paid forty cents a bottle. There was evidence that white patrons paid thirty-five cents a bottle for the same kind of ale.

After these three plaintiffs drank the ale, Harold gave Roger $2.00 to make another purchase. Roger went to the bar and after waiting for eight minutes while the bartender talked to two men he purchased three bottles of beer for which he was charged and paid forty cents a bottle. There was evidence that white patrons were charged thirty-five cents a bottle for the same kind of beer.

The plaintiff Robert Ferguson entered the defendant's premises about twenty minutes after the other plaintiffs. He sat at the bar and observed thirty-five cents would be registered on the cash register when a white

patron purchased ale. He was charged and paid forty cents for a bottle of ale. The plaintiff Mamie Williams and Monroe Rubin, president and general manager of the defendant, who was the bartender the day in question, also testified. Rubin, in his testimony, denied any discrimination.

This evidence clearly warranted the trial judge finding (a) that the plaintiffs were Negroes — he saw them when they testified; (b) that the defendant's place of business was a place of public accommodation as defined in G.L. c. 272, § 92A; and (c) that the defendant discriminated against all the plaintiffs because of their color.

Nothing is to be gained by a discussion of the trial judge's denial of some of the defendant's twenty-five requests for rulings of law or of its fifteen claims of error. See *Stella* v. *Curtis,* 348 Mass. 458, 459-460. Its brief cites no cases in support of its position.

**As there was no error the report is to be dismissed.**

WILLIAM E. SMITH
   of Springfield for the Plaintiffs.
GOLDBLATT and SKVIRSKY
   of Springfield for the Defendant.