*Northern District*
No. 6364.

**HENRY T. BERRY**

v.

**ELMER E. TONNESON,
AND OTHERS, TRUSTEES**

Argued: Nov. 29, 1967   Decided: Jan. 19, 1968

6

*Present:* Connolly, J. (Presiding), Parker, Yesley, J. J.

Case tried to *Troy, J.* in the Municipal Court of the Dorchester District.  No. 16329

*Yesley, J.*  In this *action of contract* the plaintiff seeks to recover from the trustees of a profit-sharing plan of Stone and Forsyth Company (Company) amounts allocated to his account as a former employee of the Company.

*At the trial* a written stipulation as to certain facts was introduced in evidence.  For the purposes of this opinion they may be sum-

marized as follows: A profit-sharing plan was adopted by the Board of Directors of the Company on January 29, 1960. The plaintiff had been employed as a salesman on a commission basis from 1948 until November of 1964 when he terminated his employment and went into a business of his own in competition with the Company. He was a participating member of the Plan at the time of his severance. On December 29, 1964, the Board of Directors of the Company, at a special meeting, determined plaintiff's interest in the trust fund established under the Plan should be forfeited by reason of his competition with the Company, acting pursuant to a provision of the plan (Art. VII, (e)) which provided that:

"If any Member. . .leaves the Company and enters into direct competition with it. . .within two (2) full years after termination of his employment by the Company, his vested interest in the Trust Fund shall, at the option of the Board of Directors of the Company, divest and be forfeited by him".

As of the end of the fiscal year falling on January 31, 1964, plaintiff's vested interests in the Fund had a value of $3808.98. If his interest had not been declared forfeit and he had remained a member of the Plan through the end of the fiscal year ending January 31, 1965, further amounts totalling $641.53 would have been credited to his vested interests.

Additional evidence was introduced at the trial, but since it does not appear to add anything beyond what was stated in the stipulation relative to the issues of this appeal, it is not repeated here.

The trial justice found for the plaintiff and awarded damages in the sum of $4450.51 ($3808.98 plus $641.53), finding specially that the action of the Board of Directors of the Company in divesting plaintiff of his vested interests in the Fund established under the Plan was discriminatory. He denied defendants' requests for rulings number 1, 5 and 6, which read as follows:

1. There is no evidence to warrant a finding for the Plaintiff.

5. The evidence warrants the finding that the Directors of Stone and Forsyth Company made a bona fide effort to exercise their discretion in a non-discriminatory manner.

6. There is no evidence to warrant a finding that the Board of Directors failed to make a bona fide effort to exercise their discretion in a non-discriminatory manner.

Counsel for the defendants conceded at the argument before this Division that the plaintiff would be entitled to recover $3808.98 if the action of the Directors could on the stipulated facts and evidence be found to be discriminatory.

10

This appeal is faced with procedural hurdles which doom it short of consideration on the merits. They revolve around the Rules of the District Courts relating to the filing of requests for a report and of draft reports.

■ It is agreed that the defendants received notice on May 18, 1966 of the court's finding and its action on their requests for rulings. On May 21, 1966 the defendants filed a request for a report. Rule 27 of the Rules of the District Courts (republished January 1, 1965) requires that:

"The written request for a report to the appellate division shall include a clear and concise statement of the rulings upon which a re-hearing is requested sufficiently full and accurate for identification"; and that: "Such request for a report shall be filed with the clerk within five days after notice of the finding or decision".

In their request for a report the defendants claimed error in [a] that the finding for the plaintiff was allegedly inconsistent with the facts stipulated, [b] that the directors of the Company were not joined as parties to the action, [c] that under the finding the trustees of the fund are required to make distribution of funds before any determination by the Board of Directors that such distribution within their discretion shall be made, and [d] the amount of the finding was in excess of that stipulated by the parties and contrary to the

provisions of the Plan. The request for a report did not include a request that the rulings be reported. Had the defendants filed a draft report within five days after notice of the finding, in which the rulings of the trial justice on their requests were reported, their failure to include such rulings in their request for a report would have been cured (See Rule 27). This was not done and accordingly his denial of their requests for rulings is not before this Division for review.

The defendants did file a draft report on August 10, 1966. The parties have stipulated in a writing filed with this Division that the question as to whether or not that report was seasonably filed may be considered on appeal as though reported in the report before us.[1] We now turn to the procedural question, passing for the time being any question as to whether it effectively reported any reviewable issues of law, having in mind that we have already said,

---

[1] It appears by the docket of the District Court that on July 28, 1966 the trial justice "dismissed" the request for report filed on May 21, 1966, and on September 1, 1966 "disallowed" the draft report filed on August 10, 1966 for the reason that it was not filed on time under "Rules 27 and 28". Under Rule 28, the appropriate procedure in the event of failure to comply with the Rules relating to the filing of draft reports would have been to dismiss the draft report. In order to present this issue as to whether the rules were complied with and any other issues presented by the draft report, if ruled to be timely filed, a report was established by this Division which, the parties stipulated, should also bring with it the issue of whether the draft report was seasonably filed.

supra, that the trial justice's rulings on defendants' requests for rulings had not been saved for review. On this point, it is the contention of the defendants that they were not required to file their draft report by May 28, 1966, i.e., ten days after notice of the finding (see Rule 28), since on that date the cause was not "then ripe for judgment" due to (1) the filing on June 3, 1966 by defendants of a request to be present at taxation of costs. (The docket of the District Court before us does not show the filing of any such request but counsel for the plaintiff agrees that it was filed on June 3, 1966 and we take it on that basis,) and (2) the pendency on May 28, 1966 of defendants' "Motion to Correct Findings of Fact".

Considering those grounds in order: Rule 36 provides that "An action or proceeding shall not be ripe for judgment. . .in case of . . .notice to the clerk that a party desires to be present at the taxation of costs, until the costs have been taxed and finally determined". It does not appear that the costs have been taxed. The short answer to this contention is that as of May 28th, such request had not been filed and as of that date therefore the case had not then been rendered unripe for judgment by reason of the filing of any such request. Under Rule 28, the critical time to determine whether a case is ripe for judgment is within "ten days after notice of the finding or

decision in the cause", in this case on May 28th.

As to the effect of the pendency on May 28th of defendants' "Motion to Correct Findings of Fact": we look again at Rule 36, which we now quote in fuller terms, as follows:

> "An action or proceeding shall not be ripe for judgment until the time for filing a draft report has expired; nor while a case is reserved for report; nor until the time for claiming appeal has expired; nor in case of nonsuit or default if notice is required except in summary process cases until after the expiration of seven days from such nonsuit or default; nor in case of notice to the clerk that a party desires to be present at the taxation of costs, until the costs have been taxed and finally determined...".

The "taxation of costs" aspect has already been considered.

The defendants' "Motion to Correct Findings" does not fit into any of the categories above specified which disqualify a case from being ripe for judgment. In it the defendants single out certain facts found by the trial justice and move the Court to correct these findings as being allegedly inconsistent with facts stated in the stipulation entered into between the parties.

While a party by appropriate requests for rulings may challenge the sufficiency of the evidence to justify a judge's findings of fact

14

decisive of an issue in a case (See *Stella* v. *Curtis*, 348 Mass. 458, 460, 461), a party may not require the judge to make findings of fact in the first instance. *Stella* v. *Curtis*, supra, at p. 461. A fortiori he cannot be required to "correct" facts already found by him. [*Peterson* v. *Hopson*, 306 Mass. 597, 599]. If he fails to act on the motion, no ground for review is afforded.

In a case where a party wishes to challenge a judge's finding as being inconsistent with rulings of law made by him, it is appropriately done by a motion for a new trial. *Vieira* v. *Balsamo*, 328 Mass. 37, 39.

Such a motion, however, does not stay the time for filing the draft report (Rule 28). Certainly this non-descript motion, which affords no basis for review if denied, should not have a greater power to stay the running of time than a motion for a new trial, whose history goes back to the beginnings of time in procedural law.

The case was ripe for judgment on May 28, 1966. The draft report filed months later was not timely and should have been dismissed under Rule 28. Under the stipulation between the parties, this issue is before us. **The report is ordered dismissed.**

MARK S. GRANOFSKY, *Atty.*
   for the plaintiff.
WORTHEN & WORTHEN, *Attys.*
   for the defendant.