*Southern District*

## No. 123

# HAYDEN & SONS ELECTRICAL, INC.
## v.
# ATOMIC FENCE CORP.

Argued: Nov. 19, 1975. Decided: Jan. 30, 1976.

Case tried to *Anderson, J.,* in the Second District Court of Bristol. Number: 39964 (1974).

Present: Lee, P.J.; and two other Justices.

**By the Division.** This is an action of contract to recover for labor and materials supplied to the defendant at its request. The original declaration contained two counts, the first count in *quantum meruit* for $937.47 plus interest from December 31, 1970, and the second count for a like amount on an account annexed.

The answer is a general denial; substantial breach of the agreement by the plaintiff; accord between the parties that was breached by the plaintiff; estoppel and a denial of corporate capacity.

*At the trial there was evidence tending to show:*

The plaintiff and the defendant had some business dealings on or about January, 1970 wherein John deMendonca acted in behalf of the defendant and Robert Hayden, Sr. acted in behalf of the plaintiff.

An oral agreement was entered into between the parties at that time pursuant to which the plaintiff corporation agreed to install a 200 ampere electrical service in the office area of a building owned by the defendant corporation for the estimated sum of $250.00 and to install the lights, switches and incidental receptacles in the office for an additional estimated sum of $500. As work was in progress the defendant, acting through John deMendonca, an officer of the defendant corporation, at various times approached the plaintiff, through its officer, Robert Hayden, Sr., for the purpose of having the plaintiff perform additional electrical work. As work proceeded on the extra requested items of work, job invoice records were provided to the defendant which charged for such work on the basis of time and materials. As each extra item was requested, the defendant through

Mr. deMendonca, acknowledged that it would be paid. When the office electrical work was completed the plaintiff submitted a bill for $785.20 which was paid by the defendant. At the conclusion of the extra work, which included the installation of an electric range outlet, welding receptacles, wiring of two unit heaters and installation of interior and exterior lights, the plaintiff submitted to the defendant a bill in the amount of $937.47. Due to an accounting error the proper amount of the bill should have been $1,437.49 (sic), which was the fair and reasonable value of the extra labor and materials provided to the defendant. The defendant refused to make any payment for the extra electrical work performed by the plaintiff.

There was evidence from the defendant that the original work requested would not exceed one thousand dollars and evidence from one of the plaintiff's witnesses that the so-called "extra" work would not exceed one thousand dollars.

At the close of the evidence and before the final arguments the plaintiff moved to be allowed to file a substitute declaration alleging an indebtedness in the amount of $1,437.47 to conform to the evidence. The motion was subsequently allowed and a substitute declaration was filed setting forth a count in *quantum meruit* for $1,437.47 and a second count, on an account annexed, setting forth the same indebtedness.

The defendant duly made the following requests for rulings:

"1. Upon all the evidence, the finding is warranted that the plaintiff and the defendant entered into an expressed contract for electrical work to be performed at the defendant's premises.

4. Upon all the evidence, a finding is warranted that the plaintiff failed to complete its work under the terms of its agreement with the defendant.

6. Upon all the evidence, a finding is warranted that the defendant paid the plaintiff $785.20 on account of the work performed by the plaintiff for the defendant.

7. Upon all the evidence, a finding is warranted that on or about January of 1971 the plaintiff accepted $500 from the defendant with the express representation that the remaining outstanding balance was in the amount of $200.

8. Upon all the evidence, a finding is warranted that the plaintiff is in substantial breach of its expressed agreement with the defendant."

Defendant's requests numbered two, three and five were waived.

The trial justice granted each of the aforesaid requests and found the following facts: "Plaintiff sustained burden of proof on Count I and Count II of substitute Declaration." The ultimate finding was for the plaintiff on Count I and Count II in the sum of $1,437.47 with interest from December 19, 1973, there to be one recovery.

The defendant claims to be aggrieved by the trial court's granting of the defendant's requests for rulings which are inconsistent with a general finding adverse to the defendant without setting forth special findings as to the inapplicability to the facts found and claims to be aggrieved by the trial court's finding of damages in the amount of $1,437.47.

There was no error.

There is an action in *quantum meruit* and on an account annexed for electrical work performed by the plaintiff at the request of the defendant on the basis of time and materials, additional to the original oral agreement between the parties. Defendant's requests for rulings appear to be addressed to the original oral agreement between the parties, which is not in issue in this action. These requests could have been refused by the trial justice as inapplicable, with appropriate findings—Rule 27,[1] Rules of the District Court (1965) (then in effect).

We note from the docket entries that on April 9, 1975 the defendant filed a motion for a new trial which was denied by the trial justice.

1. Possibly to avoid the "trap for the unwary", the trial justice granted defendant's requests, thus removing them from the ambit of Rule 27, but made a general finding for the plaintiff. There is no merit in defendant's contention that the trial court's granting of defendant's requests for rulings is inconsistent with the general finding adverse to the defendant. The granting of a request that there is evidence to warrant a finding for the requesting party does not necessarily require such a finding. *Ryerson v. Fall River Philanthropic Burial Society*, 315 Mass. 244, 254 (1943); *Hoffman v. Chelsea*, 315 Mass. 54, 56 (1943). *Marquis v. Messier*, 303 Mass. 553, 555-556

---

[1] Rule 27: "Whenever any request for rulings, founded upon evidence, shall be refused upon the ground that it is inconsistent with or inapplicable to the facts found, or because the facts recited in the request are not found, the court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appears from special findings filed."

(1939). *Strong v. Haverhill Electric Co.*, 299 Mass. 455, 456 (1938). There is no inconsistency in granting such requests and then finding for the other side. Nor does the granting of such requests imply that there was evidence unfavorable to the plaintiff. It is merely a ruling that the evidence does not as a matter of law require a finding for the plaintiff. *Godfrey v. Caswell,* 321 Mass. 161, 162 (1947).

**2.** Defendant's requests for rulings are actually requests for findings of fact. Under our practise, it is clear that generally in an action of law a justice is not required to pass on such requests. *Stella v. Curtis,* 348 Mass. 458, 461 (1965). Nor was the trial justice required to make findings of fact, although such findings may be desirable. A finding of fact is not a proper subject of a report, *Perry v. Hanover,* 314 Mass. 167, 169 (1943). Not every request predicated upon the sufficiency of the evidence to warrant a particular finding or conclusion requires action by the justice. To require judicial answer it must relate to a fact or factual aspect of the case that is dispositive or decisive of an issue in the case. *Stella v. Curtis,* 348 Mass. 458, 462 (1965); *Barnes v. Berkshire St. Railway Co.,* 281 Mass. 47, 50, 51 (1932). Defendant's requests for rulings, which appear to relate to the original agreement between the parties, do not meet this test. Furthermore, defendant's requests Nos. 4, 7 and 8 find no support in the reported evidence.

**3.** Some reliance has been placed by the defendant upon the reported "evidence from one of the plaintiff's witnesses that the so-called 'extra' work would not exceed one thousand dollars." It is difficult to perceive when or at what stage in the construction this statement might have been made, and the report is of no help in this regard. Obviously it could not

have preceded the construction of the extras since
". . . the defendant . . . at *various times* (emphasis
added) approached the plaintiff . . . for the purpose
of having the plaintiff perform additional electrical
work." It would appear unlikely that such statement
was made during the course, or at the completion,
of the construction of the extras since "As work pro-
ceeded on the extra requested items of work, job
invoice records were provided to the defendant which
charged for such work on the basis of time and
materials." By adding the invoice totals the defendant
could keep abreast of the cost of the extras.

Furthermore, the plaintiff would not be bound by
the testimony of one of its witnesses if there was other
evidence more favorable to it. *Perry v. Hanover,* 314
Mass. 167, 170 (1943); *Murphy v. Smith,* 307 Mass.
64, 66 (1940); *Sooserian v. Clark,* 287 Mass. 65, 67
(1934). That there was such evidence is not open to
doubt, since the report recites that the amount of
$1,437.49 (sic) "was the fair and reasonable value of
the extra labor and materials provided to the defend-
ant."

**4.** The record discloses ample evidence to justify
the general finding for the plaintiff. Such a finding
imports a further finding of all the subsidiary facts
and the drawing of all rational inferences essential
to that conclusion. *Barsky v. Hansen,* 311 Mass. 14,
18 (1942); *Maher v. Haycock,* 301 Mass. 594, 595,
596 (1938); *Dolham v. Peterson,* 297 Mass. 479, 481
(1937). This finding must stand if permissible upon
any reasonable view of the evidence or unless it is
plainly wrong. We cannot say that the justice's view
of the evidence was unreasonable or that the finding
was plainly wrong. *Zaleski v. Zaleski,* 330 Mass. 132,
134 (1953); *Kennedy Bros. Inc. v. Bird,* 287 Mass.
477, 484 (1934); *Moss v. Old Colony Trust Company,*
246 Mass. 139, 143 (1923).

**An order should be entered dismissing the
report.**