Umana, J.
This is a civil action to recover a fee in the sum of $34,000 for legal services rendered by the plaintiff to the defendant for a period commencing in May of 1965 and continuing to approximately 1970. The plaintiff is an attorney in good standing and the services rendered were primarily in furtherance of the defendant’s attempt to take over a university. At the close of the plaintiffs presentation of the evidence and later at the close of all the evidence, the defendant moved for a directed verdict on the grounds, inter alia, that there was no evidence of an agreement between the parties regarding the payment of legal fees. Both motions were denied by the trial court.
At the close of the trial, the defendant submitted to the trial court requests for rulings which reiterated the grounds of the defendant’s prior motions for a directed verdict. In addition, the defendant asked the court to rule as a matter of law that the plaintiffs claimed fees were so excessive that they went beyond any implied contract which allegedly existed between the parties. The defendant also asked the court to rule as a matter of law that there was a “mutual mistake and misunderstanding between the parties.” With two minor exceptions, the trial court denied these requests for rulings.
The trial court found for the plaintiff, in the amount of $30,000. Claiming to be aggrieved by the court’s denial of his motions for a directed verdict (directed finding) and denial of his requests for rulings numbered 1, 2, 3, 4, 4B, 5 & 5B, the defendant reports the same to the Appellate Division for determination.
At the trial, there was evidence tending to show that the plaintiff was an attorney in good standing, and did certain work from May of 1965 to approximately 1970 for the *106 defendant. The plaintiff worked on a situation dealing with a take over of a school called Midwestern University, which was located in St. Louis, Missouri. The plaintiff reiterated the work that he performed for the defendant in attempting to take over the control of this school. The plaintiff offered into evidence various documents indicating the work that he performed. The plaintiff further testified that his services were Thirty Dollars ($30.00) per hour, and that he talked with the defendant by telephone on an average of one to three hours per day. There was also some evidence that there were visits to the attorney’s office, and also to Dr. Camoscio’s office. The plaintiff further testified that he spent one thousand two hundred forty hours (1,240) on the defendant’s work. The attorney-plaintiff testified as an expert witness to the fairness and reasonableness of the legal services rendered.
Some of the evidence, however, is controversial. There was evidence indicating that the plaintiff never submitted a written bill from 1965 to the present time 1978, and that the plaintiff never informed the defendant of his total services rendered. There was also a dispute as to a telephone conversation concerning the amount of the retainer.
The defendant’s first argument on appeal is that the court abused its discretion as a matter of law in denying his motions for a directed verdict (directed finding). This court finds that the trial court did not abuse its discretion in denying defendant’s motion for a directed finding. Under Mass. R. Civ. P., Rule 56(c), summary judgment (directed finding) can be granted if and only if there is “no genuine issue as to any material fact. ’ ’ If any such issue appears, the motion must be denied. The introduction of material controverting the moving party’s assertions of fact raises such an issue and precludes a directed finding.
The defendant alleges that there was no evidence showing that an agreement existed between the parties concerning legal fees; or that the claimed fees represented reasonable and usual charges for such services; or that such fees were not as a matter of law unreasonably excessive in the circumstances. It is well established that in a motion for a directed finding the standard of review of this court is such that the evidence must be viewed in a light most favorable to the plaintiff. The court must determine whether “anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff. ” Boyle v. Wenk, Mass. Adv. Sh. (1979) 1947, 1948, quoting from Raunela v. Hertz Corp., 361 Mass. 341, 343 (1972); Poirier v. Plymouth, Mass. Adv. Sh. (1978) 100, 106; Uloth v. City Tank Corp., Mass. Adv. Sh. (1978) 3168, 3169; Everett v. Bucky Warren, Inc., Mass. Adv. Sh. (1978) 2424, 2425.
In light of this conflicting material evidence and the unfounded nature of several of the defendant’s allegations, the trial judge was correct in denying the defendant’s motion for a directed finding.
In light of this conflicting material evidence and the unfounded nature of several of the defendant’s allegations, the trial judge was correct in denying the defendant’s motion for a directed finding.
The defendant’s second argument on appeal is that the trial court erred as a matter of law in denying his requests for rulings.[1]
*107 The requests of the defendant which state that the evidence “requires” a particular positive finding need be granted only when, as a matter of law, binding evidence supports the requested findings. Perry v. Hanover, 314 Mass. 167, 176 (1943). In order for a request to require a judicial answer, “it must relate to a fact or to a factual aspect of the case that is dispositive or decisive of an issue in the case.” Stella v. Curtis, 348 Mass. 458, 462 (1965). It was proper for the trial judge, sitting as trier of fact, to determine whether or not the proffered evidence was dispositive or even credible. If, with the parties’ evidence before her, the trial judge did not find binding the evidence offered by the defendant, she was not compelled to grant his requests for rulings. The denial of a request requiring a finding implies that evidence was presented such that a reasonable judge could find in favor of the non-requesting party.
However, the bald disposition of the requests for rulings in this case may be seen as uninformative to the requesting party. It would have been appropriate for the judge to have made explicit findings of the facts relied upon by her in denying the requests. Bresnick v. Heath, 292 Mass. 293, 299 (1942). Under Dist./Mun. Cts. R. Civ. P., Rule 64(b), the denial of the requests could properly have been accompanied by clarifying findings of fact. Under Dist./Mun. Cts. R. Civ. P., Rule 64(b) the judge might have set forth the specific facts found by him/her which make the request inapplicable:
Whenever any request for rulings, founded upon evidence, shall be refused upon the ground that it is inconsistent with or recited in the request are not found, the court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appear from special findings filed....
Dist./Mun. Cts. R. Civ. P., Rule 64(b)
In Perry v. Hanover, 314 Mass. 164 (1943), five actions of tort were brought to recover compensation for personal injuries alleged to have been sustained by the five plaintiffs as the result of an automobile collision. The plaintiff in each case made eight requests for rulings, all of which, with a minor exception, were denied by the trial judge. The plaintiffs urged that the trial judge committed prejudicial error in failing to file a statement of the facts found by him bearing upon the requests. The Perry court interpreted Rule 27 of theDistrict Courts (1940) [recodified as Dist. ,/Mun. Cts. R. Civ. P., Rule 64(b)] not to require a trial judge to state findings of fact in refusing a requested ruling of law “where it appears that no finding was necessary to justify the refusal.” Perry v. Hanover, supra, at 172. In Perry, the requests for rulings were based on either unsubstantiated or indecisive facts.
All of the more recent interpretations of Rule 27 of the District Court (1940) have been consistent with Stella v. Curtis, 348 Mass. 458. In Stella, a personal injury action, the Supreme Judicial Court of Massachusetts held that a district trial judge was required either to grant the plaintiffs requests for rulings which were based on correct principles of law or to state those facts found by him making the requests inapplicable. The trial judge’s failure to do so was error under Rule 27 of the District Court. The Stella court considered it well established that it is the duty of the trial judge to pass upon pertinent requests for rulings of law in such a way as to ‘ ‘make it plain that he has not fallen into error .’’ Stella v. Curtis, supra, at 461. This principle does not, however, compel ajudge to deal with indecisive portions of the evidence. Stella v. Curtis, supra, at 462.
*108 It was not reversible error for the trial judge to have denied the defendant’s requests for rulings “requiring” a positive finding. However, the court does not recognize that it would have been advisable for the trial judge to have made findings of fact in support of her disposition of the defendant’s various requests.

Report dismissed.

 “ I. The Court is required to find for the defendant, because there is no evidence by an expert witness as to the fairness and reasonableness of the plaintiff’s services. COURT: Denied.
“2. The Court is required to find for the defendant, because there is no written agreement between the parties as required by law based upon an attorney-client relationship. COURT: Denied.
“3. The Court is requiied to find for the defendant, because based upon all of the evidence there is no agreement for services rendered as alleged by the plaintiff. COURT: Denied.
“4A. The Court is required to find for the defendant, because the services rendered as alleged are excessive, abusive, and shock the conscience to the point that the plaintiff has breached any implied or oial contract he allegedly had with the defendant. COURT: Denied.
*107 ”4B. The plaintiff admitted that more than one-half of his services were telephone conferences with the defendant. COURT: Denied.
“5A. The Court is required to find for the defendant because, based upon a preponderance of the evidence, there was a mutual mistake and misunderstanding between the parties. COURT: Denied.
“5B. The plaintiffs evidence indicates that he relied on certain statements of the defendant to do work. COURT: Denied.”