LoConto, J.
The plaintiff, Marcia Genest (homeowner), broughtthis action against the defendant, Ronald Archambault (contractor), in four counts, negligence (Count I), breach of the implied warranty of merchantability (Count II), breach of the implied warranty of fitness for a particular purpose (Count III), and for a violation of the Consumer Protection Act based upon the above mentioned counts and also for the defendant’s violation of the provisions of G.Lc. 93, §48 (Count IV). The third-party defendant, Robert E. Lamoureaux, prevailed at trial and is not a party to this appeal. The report discloses that at trial there was evidence tending to show that the plaintiff contracted with the defendant whereby the defendant designed and installed.an addition to her home in South Hadley, subcontracting the roofing work to the third-party defendant There was evidence.thata severe roof leakwas caused by the buildup of ice during certain weather conditions and that there were available methods to avoid a leak, but said precautions were not taken by the defendant or third-party defendant. The report further indicates that there was evidence tending to show that the creation of the ice dam was foreseeable. The plaintiff promptly informed the defendant when the first leak occurred in March, 1986. There was evidence that the leak caused $3,485.00 in damage to the interior of the plaintiff’s home. The plaintiff paid in excess of $26,440.00 for the work and no money was returned to her. In December, 1986, and again in May, 1988, she made written demand for the return of $26,660.00, in accordance with the provisions of G.Lc. 93, §48, because the above mentioned agreement was entered into in the plaintiff’s residence and the defendant failed to make written disclosure advising the plaintiff of her right of rescission.
There was also evidence tending to show that the defendant supplied the plywood for the roof and that a defect in said plywood caused shingles in part of the addition to lift and bubble. Some of the defective plywood was sent back to the supplier by the defendant, who knew it was defective. There was evidence that the plaintiff promptly complained of the lifting shingles upon noticing same and the replacement of the shingles and plywood would cost $2,795.00.
Despite the request by the plaintiff, the defendant made no modifications or corrections.
There was no work commenced by the defendant within three days of the original contract.
The trial court made findings that the work done by the defendant was done in a good and workmanlike manner, including the design and construction of the area of the roof where a leak developed. The court found that the plaintiff failed to take steps to avoid a buildup of ice, and further, that the plaintiffs husband had made a hole in *102 the asphalt shingles that caused a leak. The court found that the lifting of the garage roof was caused by defective plywood, butthat the defendantwas not negligent in its selection or application. The trial court found in favor of the defendant on Counts I, II, and III. As to Count IV, the trial court found in favor of the plaintiff on account of the defendant’s failure to comply with the provisions of G.Lc. 93, §48 and awarded damages of $75.00 plus attorneys fees.
The plaintiff claims to be aggrieved by the trial court’s denial of fifteen of her original thirty-eight requests as being excessive, and the allowance of request no. 12 and the denial of damages; and further, the plaintiff claims error in the denial of her requests for rulings on post-trial motions. Also, the plaintiff is aggrieved by the failure to award damages as to Count II, in addition to the improper application of damages pursuant to G.Lc. 93, §48. Lastly, she appeals the trial court’s refusal to grant adequate attorney’s fees and reducing awarded fees without stating adequate reasons.
We rule that the trial court committed prejudicial error with respect to its determination of Counts II, III and IV, and remand the matter for further hearing consistent with this opinion.
The purpose of requests for rulings in cases tried without a jury is to secure separation oflawandfact. Caleb Pierce, Inc. v. Comm., 354 Mass. 306 (1960). The trial judge is required either to grant requests which state correct principles of law or relate the decisive factual situations or to state facts found by him which would make said requests inapplicable. Stella v. Curtis, 348 Mass. 458 (1965). “Ordinarily the failure of a judge to pass on requests for rulings is treated as an implied denial of them.” Hogan v. Coleman, 326 Mass. 770, 772 (1951). However, to the extent that the requests that are refused are actually requests for findings of fact or based on assumptions of facts not in accord with the facts found or are requests based upon fragments of facts in evidence, a judge is not required to give a requested ruling.
In Hogan v. Coleman, the Supreme Judicial Court decided that the trial court judge’s failure to respond to the forty plaintiff’s requests, required that they be treated as having been denied. In the case at bar, the trial judge responded to the first fifteen of the plaintiff’s thirty-eight requests for rulings of law. Even though they could have been less in number, most remaining undecided were germane to the issues presented and should have been acted upon. The better practice would beta require the plaintiff to reduce them to a reasonable number. “When the number of requests is palpably in excess of the number legitimately needed in a case, the trial judge has the power either to order them stricken from the file, or to require a party to reduce them to a reasonable number or risk the loss of any rights under them.” Hogan v. Coleman, Id. at 773.
As to Count II, the court allowed plaintiff’s requests nos. 9,13,14, and 15, all dealing with the alleged breach of an implied warranty of merchantability, but impliedly denied the remaining related requests nos. 16,17,18, and 19. In its finding, the trial court found that the lifting of the garage roof was caused by defective plywood, but that the defendant was not negligent in the selection of the plywood or in its application. The trial court denied the plaintiff’s post judgment motions and refused to rule on plaintiff’s post judgment requests. This constitutes a denial and requires reversal and remand for reconsideration of the issues. Where there is an inconsistency between a ruling and ageneral finding, the proper remedy is to file a motion for a new trial or a motion to correct the inconsistency. Cook v. Kozlowski, 351 Mass. 708 (1967).
As to Count III, the court found in favor of the defendant on the claim of breach of the implied warranty of fitness for a particular purpose, but allowed the plaintiff’s request, no. 12, that “ [u]pon all the evidence, a finding for the plaintiff is required on Count III.” The trial court’s denial of post judgment motions and failure to rule on post judgment requests requires reversal and remand as to this count.
As to Count IV, the trial court found that the defendant did not comply with the provisions of G.Lc. 93, §48, by his failure to give the plaintiff written notice of herright *103 to cancel the contract. Under paragraph B of said statute, the plaintiff had a right to cancel the contract until the omitted term was provided. Paragraph D requires that upon notice of cancellation, the “seller or lessor shall within ten business days of the receipt of any valid notice of cancellation (i) refund all payments made.” Andfiirther, it states that the “seller or lessor shall be entitled to reclaim and the buyer shall return whatever possible or hold at the seller’s disposal any goods received by the buyer under the agreement.”
The statute is silent as to the duty owed by the buyer who is unable to return any goods. However, in Continental Products, Inc. v. Oliveira, 1978 Mass. App. Div. 380, an opinion reported as a question of first impression on this point, the Appellate Division recognized the seller’s right to recover under a theory of quasi-contracts. Therefore, since the trial court already found liability under G.Lc. 93, §48, and presumably determined the defendant’s conduct was wilful or knowing or his refusal to settle was in bad faith, the matter must be remanded to the trial court on the issue of doubling or trebling of the plaintiffs payment of $26,440.00, plus reasonable attorney’s fees.
Accordingly, this case is remanded for further hearing consistent with this opinion.