Merrick, J.
This is a motor vehicle tort action to recover for personal injuries sustained by plaintiff Kiley as a passenger in a vehicle driven by defendant Clattenburg which was involved in an intersection collision with a second vehicle operated by defendant Dingwell.
There was evidence at trial that defendant Dingwell’s motor vehicle entered the intersection first. After trial, but prior to the court’s finding and judgment, the plaintiff filed a stipulation of dismissal as to defendant Clattenburg only.
The trial court entered judgment for the remaining defendant, Dingwell, upon the following findings of fact:
The Court finds that the defendant Corinne M. Clattenburg, the operator of the vehicle in which the plaintiff was a passenger, was the sole cause of the collision. The Court further finds, after hearing the testimony of the plaintiff, that she sustained no injuries as the result of the accident.
The plaintiff thereafter requested an appeal to this Division on a charge of error in the court’s finding that she sustained no injuries in the collision.[2]
1. As the scope of appellate review is restricted to issues of law, Butler v. Cromartie, 351 Mass. 360, 362 (1966); Ryerson v. Fall River Philanthropic Bur. Soc., 315 Mass. 244, 245 (1943), it is necessary to examine the plaintiffs requests for rulings to determine if a question of law as to damages was properly raised and preserved in the trial court.
The plaintiff filed a document captioned “Plaintiffs Requests for Rulings of Law & Findings of Fact” which set forth eight (8) numbered requests. The plaintiff failed to identify which of her requests soughtfactual findings and which sought legal rulings. Because a party is generally not entitled to findings of fact upon mere request in a district court civil action, Dist./Mun. Cts. R. Civ. P., Rule 52(a); Perry v. Hanover, 314 Mass. 167, 168 (1943), the trialjudge could have required theplaintifftospecifywhich of her requests were intended as Dist./Mun. Cts. R. Civ. P., Rule 64(b) requests for rulings of law.
Instead, the court disposed of all of the plaintiff s requests with the following, single statement:
Some questions of fact; others mixture of fact and law; balance allow, but the court does not so find.
*197 Such general disposition was clear error. It is elementary that a trial judge “must pass upon pertinent requests for rulings of law... in such away as to make plain that he has not fallen into error,” Home Savings Bank v. Savaransky, 307 Mass. 601, 603 (1940), and in “such a manner that the requesting party can ascertain, for purposes of appeal, whether the judge applied the correct principles of law in deciding the case.” Petition of New Bedford Child & Family Serv. To Dispense with Consent to Adop., 385 Mass. 482, 491 (1982). A trial judge’s Rule 64(b) duty to rule on a party’s requests is not satisfied by a general statement of assorted, possible request dispositions.
2. The plaintiff claims to be prejudiced by the court’s failure to respond properly to her requests for rulings of law. Plaintiffs request number 6 specifically sought a determination that the plaintiffs evidence was sufficient to warrant a finding that she had sustained serious injuries in the motor vehicle collision with resulting damages for lost wages and medical bills. The report in fact indicates that there was evidence at trial that the plaintiff suffered permanent injury to her knee in consequence of the accident which required medical treatment and physical therapy costing in excess of $4,000.00. The plaintiff was entitled to a ruling as to the legal sufficiency of such evidence of damages. Rummel v. Peters, 314 Mass. 504, 517-518 (1943). In the absence of such a ruling and in view of the state of the evidence adduced at trial, we are left with a firm conviction that the court’s finding of “no injuries” should not stand, Freyermuth v. Lufty, 376 Mass. 612, 615 (1976); and that finding is hereby stricken.
3. As the plaintiff has not appealed the court’s ultimate finding in favor of defendant Dingwell, no further proceedings are required in this case. The report is otherwise dismissed.

 Plaintiff s counsel informed this Division at oral argument that Clattenburg’s insurer had settled plaintiffs claim for insurance policy limits, and that the reason for this appeal is that an underinsured motorists’ insurer regards the trial judge’s finding of no damages to be dispositive of the insurer’s obligations. Because of our ruling herein on the damages issue, that subject will have to be resolved by agreement or arbitration. The question of whether the plaintiff suffered any damages from the accident will be open.