Coven, J.
This is an action to recover for the defendant’s failure to pay wages in violation of G.L.c. 149, §48, failure to pay overtime in violation of G.L.C. 151, §1A, slander and infliction of emotional distress. After trial, judgment was entered for the plaintiff on the unpaid wages claim, but the court did not treble those damages or award attorney’s fees. Judgment was entered for the defendant on all other counts. The plaintiff filed this Dist./Mun. Cts. R.ÍD.A, Rule 8C, appeal on a charge of error in the court’s failure to award overtime compensation, and to assess treble damages and attorney’s fees on her G.L.c. 149, §148 claim.[2]
*277 Plaintiff Graciela Chiappetta was employed as the “assistant store manager” at the defendant’s flower shop, “Dandi-Lyons,” from October 11,1993 to August 21, 1994. During that ten month period, the plaintiff worked a minimum of five days a week for at least fifty hours per week. The plaintiff was not paid overtime wages or otherwise compensated for those hours worked in excess of forty hours per week. She was paid $327.00 per week.
The plaintiff resigned on August 21,1999 after receiving what she considered to be an unreasonable demand from the defendant to return from Cape Cod to close the store in Waltham, Massachusetts on her day off. The plaintiff never received payment for the wages she earned in the two weeks prior to her resignation.
Shortly after her resignation, the plaintiff filed a complaint with the Massachusetts Attorney General’s Fair Business Practice Division. She received a response letter in December, 1994 apparently informing her that the Attorney General’s Office had determined that the proper forum for the resolution of this matter was civil court, where the plaintiff would be entitled to treble damages, if successful.
This action was commenced on August 23,1996. The trial court entered judgment for the plaintiff on Count I only for $653.85, the amount of the two weeks’ unpaid wages, plus interest from the date suit was commenced and costs. The court denied the plaintiff’s Mass. R. Civ. R, Rule 59(e), motion for treble damages and attorney’s fees under G.L.c. 149, §150, and declined to rule on the plaintiff’s thirty-five (35) requests for rulings of law on the grounds that they were excessive in number under the rule of Stella v. Curtis, 348 Mass. 458 (1965). The plaintiff offered to reduce the number of requests, but the trial judge refused.
1. A District Court trial judge sitting without a jury is obligated to rule on proper requests for rulings of law so that any right to appellate review of legal issues may be preserved. Caleb Pierce, Inc. v. Commonwealth, 354 Mass. 306, 312 (1968); Perry v. Hanover, 314 Mass. 167, 173 (1943); Kiley v. Dingwell, 1993 Mass. App. Div. 196, 197.[3] The general requirements for requests for rulings of law are set forth in Mass. R. Civ. R, Rule 64A, which mandates, inter alia, that requests “shall not be redundant or unreasonable in number.” Mass. R. Civ. P., Rule 64A(a). See generally Hogan v. Coleman, 326 Mass. 770, 772-773 (1951). Generally, where the number of requests filed by a party is in fact “palpably in excess of the number legitimately needed,” it is within the trial judge’s discretion either “to order them stricken from the files, or to require a party to reduce them to a reasonable number or risk the loss of any rights under them.” Stella v. Curtis, supra at 460.
As we outlined in Green v. Blue Cross/Blue Shield of Massachusetts, Inc., 1996 Mass. App. Div. 165, reversed on other grounds 47 Mass. App. Ct. 443 (1999), appellate review of a trial judge’s order striking excessive requests is based on the following factors: (1) whether the requests are in fact excessive in number; (2) whether the requests were correct in form and substance and would have required a different ultimate finding; (3) whether there are other indicia of the existence or absence of prejudicial legal error; and (4) whether the sanction chosen by the trial judge was appropriate. Id. at 168-169. In the instant case, the plaintiff’s 35 requests for rulings were unquestionably excessive in number given the straightforward, uncomplicated nature of the legal and factual issues involved in *278 the plaintiffs limited claims.[4] The sanction of striking all 35 requests in their entirety was, however, unduly harsh and constituted an abuse of discretion in the circumstances of this case, particularly given the plaintiffs immediate offer at the close of trial to reduce the number of requests. We stressed in Green that the option of striking all requests, thereby effectively eliminating a party’s opportunity to preserve issues for appeal, “should be reserved for the most egregious cases,” and that the preferable approach in almost all cases is to “compel parties to ‘refashion and reduce the number as a condition precedent to [the court’s] passing upon any of them.’” Id. at 169, quoting from Stella v. Curtis, supra at 461.
Upon examination of the requests themselves, we have concluded that the courfs abuse of discretion did not amount to an error of law requiring a new trial on the plaintiff's claim for overtime wages.[5] Almost all of the requests pertaining to overtime wages improperly presented mixed questions of fact and law which could have been correctly denied by the trial judge. Liberatore v. Framingham, 315 Mass. 538, 543-544 (1944); Copp v. Hague, 1994 Mass. App. Div. 11, 12. At most, only request number 7[6] could be arguably read as a satisfactory request for a ruling that the evidence required a finding in the plaintiff’s favor as a matter of law on her overtime claim. Again, however, the plaintiff would not have been entitled to the allowance of this request. A request for a required or directed finding must be denied if any evidence was adduced at trial which would permit or warrant a finding in favor of the opposing party. Joseph Freedman Co. v. North Penn Transfer, Inc., 388 Mass. 551, 554 (1983); Casey v. Gallagher, 326 Mass. 746, 748 (1951); Meagher v. United States Fid. & Guar. Tr. Co., 1994 Mass. App. Div. 134, 136. Even the partial transcript provided by the plaintiff on this appeal discloses that there was some evidence at trial from which a reasonable inference could have been drawn in support of the defendant’s contention that the plaintiff was a managerial or administrative employee excluded under G.L.c. 141, §1A(3) from overtime benefits.
2. With respect to the plaintiff’s claim for unpaid wages, however, the trial court’s striking of plaintiff’s requests for rulings of law numbers 9 and 10 constituted prejudicial error. Those requests, and the plaintiff’s motion to amend judgment, sought rulings that the plaintiff was entitled to treble damages and attorney’s fees under G.L.c. 149, §150. We agree.
Having prevailed on her §148 claim for unpaid wages for the last two weeks she worked, the plaintiff was entitled to treble damages as a matter of law. Section 150 of G.Lc. 149, as amended in 1993 to add a private civil right of action, provides:
Any employee claiming to be aggrieved by a violation of section one hundred and forty-eight [for unpaid wages] ... may at the expiration of ninety days after the filing of a complaint with the attorney general, or sooner, if the attorney general assents in writing, and within three years of such violation, institute and prosecute in his own name and on his own behalf, or for himself and others similarly situated, a civil action for injunctive relief and any damages incurred, including treble damages for *279 any loss of wages and other benefits [emphasis supplied].
The obvious intent of this statute was to protect employees seeking redress for violations of the wage and hour provisions of G.L.c. 149. Mello v. Stop & Shop Cos., Inc., 402 Mass. 555, 557 (1988). Both the language of the statute and its underlying Legislative intent indicate that an award of treble damages is mandatory upon any finding of a failure to have paid wages in violation of §148. If, in enacting this provision, the Legislature had intended an award of treble damages to be discretionary with a trial judge, it would have utilized language similar to that of other statutory provisions in which multiple damage awards are unquestionably discretionary. In G.L.C. 93A, §§9 and 11, e.g., the Legislature expressly made the trebling of damages discretionary by stating that “said damages may include ... treble damages” or “recovery shall be in the amount of actual damages; or up to three times such amount.” Interpreting G.L.c. 149, §150 in accordance with established canons of construction, we must presume that the Legislature acted with full knowledge of such existing statutes and their interpretations, Jancey v. School Committee of Everett, 421 Mass. 482, 496 (1995), and that as the Legislature was capable of clearly articulating a discretionary punitive damage provision but chose not to do so, it intended the treble damage provision of §150 to be mandatory, not discretionary.
Moreover, a mandatory award would be consonant with the general purpose of multiple damages provisions by which the Legislature has traditionally “declared its displeasure with the described acts, sought to deter their commission and encouraged vindictive lawsuits if wrongdoing was not stemmed.” Hampshire Village Assoc. v. District Court of Hampshire, 381 Mass. 148, 151 (1980).
The statutes of nearly every State of the Union provide for the increase of damages where the injury complained of results from the neglect of duties imposed for the better security of life and property, and make that increase in many cases double, in some cases treble, and even quadruple the actual damages. And experience favors this legislation as the most efficient mode of preventing, with the least inconvenience, the commission of injuries. The decisions of the highest courts have affirmed the validity of such legislation. The injury actually received is often so small that in many cases no effort would be made by the sufferer to obtain redress, if the private interest were not supported by the imposition of punitive damages.
Id. A mandatory award of treble damages under G.L.C. 149, §150 obviously serves the salutary purposes of deterring employers from taking advantage of their employees and of compensating employees for the time during which they have been deprived of their earned wages.[7]
*280 3. Finally, the trial court’s failure to award attorney’s fees to the plaintiff on her successful G.Lc. 149, §148 claim was also error. Section 150 of G.L.c. 149 unequivocally mandates that “an employee so aggrieved and who prevails in such an action [under G.L.c. 149, §148] shall be entitled to an award of the costs of the litigation and reasonable attorney fees [emphasis supplied].” This case must, therefore, be returned to the trial court for a hearing for the assessment of a “reasonable” amount of attorney’s fees based on the familiar factors which govern such a determination. See Linthicum v. Archambault, 379 Mass. 381, 388-389 (1979).
Accordingly, the trial court’s judgment for the defendant on Count I is vacated. This matter is returned to the trial court for an assessment of reasonable attorney’s fees and costs. Judgment is then to be entered for the plaintiff on Count I of her complaint for treble damages, attorney’s fees and costs on her G.L.c. 149, §148 claim. The court’s judgment for the defendant on Count IV for overtime wages is affirmed.
So ordered.

 The plaintiff has not appealed the court’s judgment against her on Counts II and III of the complaint for slander and emotional distress.

 The judge is not required, however, to respond to a party’s requests for findings of fact which are not required as a matter of law by the evidence. Mass. R. Civ. R, Rule 52 (c). See generally Huikari v. Eastman, 362 Mass. 867 (1972); Neustadt v. Joyce, 345 Mass. 765 (1962); The Lenco Pro v. Guerin, 1998 Mass. App. Div. 10, 12. There was no error in the trial judge’s refusal to act upon the plaintiff’s forty-two (42) requests for findings of fact in this case.

 Two of the plaintiff’s four complaint counts for slander and infliction of emotional distress were based on a single statement allegedly made by the defendant to the plaintiff’s father. The plaintiff’s right to recover on a third count for unpaid wages for the last two weeks she worked was apparently undisputed. Despite these facts, the plaintiff filed a full twenty-eight requests addressing these counts.

 As the plaintiff has not appealed the court’s judgment for the defendant on her claims for slander and infliction of emotional distress, it is unnecessary to undertake any review of requests for rulings pertaining to those claims.

 The request stated: “7. Graciela Chiappetta is entitled to an award of three times the full amount of overtime due to her. G.L. ch. 151, §1B.”

 This is unlike the awards of an additional amount of wages as liquidated damages for prevailing plaintiff-employees in actions to recover unpaid minimum wages and unpaid overtime compensation under 29 U.S.C. §216(b), the Fair Labor Standards Act Although §216(b) at one time mandated such an award of liquidated damages, Congress amended the statute to give courts discretion because it wanted to reduce harshness which resulted under this chapter from imposition of damages on employers acting in good faith. Hays v. Republic Steel Corp., 531 F.2d 1307 (5th Cir. 1976). Section 260 of 29 U.S.C. states that “in any action ... to recover unpaid minimum wages, [or] unpaid overtime compensation... if the employer shows to the satisfaction of the court that the act or omission ... was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation ... the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.”